THOMAS GREENE (CSBN 57159)
ANDREW J. MAST (CSBN 284070)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Andrew.Mast@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW WORTHING,<br><br>Defendant. | No. CR 12-00300 CRB<br><br>**UNITED STATES' STATUS REPORT** |

**A. Introduction**

More than five and half years after defendant pleaded guilty, he has filed a motion to withdraw his plea.  Dkt. 61.  The United States will respond to defendant's motion on February 7, 2018.  A hearing on defendant's motion is set for March 2, 2018.

On December 8, 2017, at the last status conference in this matter, defendant's sentencing hearing was scheduled for March 21, 2018, consistent with the sentencing date of the 22 other defendants charged in this case.  Defendant requested to continue sentencing, which the Court denied:

> THE COURT: Your motion – if you have a motion to continue sentencing, that's denied. . . . I'll set it March 21st, with everybody else.  12/8/17 Tr. 7:1-8.

Now defendant is again seeking to continue his sentencing hearing.  Defendant contends sentencing should be delayed because of an ongoing discovery dispute, he needs additional time to prepare for sentencing, and he should not have to speak to Probation while his motion to withdraw is pending.  The government's position is that the sentencing hearing should not be continued.

**B.  Status of Discovery**

The government has complied with its discovery obligations.  First, the government has supplied all *Brady* materials.  To the extent it becomes aware of any other *Brady* material, it will promptly turn it over to defendant.  The government is not aware of any materials supporting defendant's purported entrapment defense (imperfect or otherwise).  But regardless, the government has agreed to supply any recordings in its possession that pertain to Mr. Worthing.[1]  These materials account for the interactions defendant had with confidential informants and an undercover agent.  To the extent they show an "imperfect entrapment" defense, defendant has time to review them prior to sentencing on March 21.

Second, the government has supplied defendant with all of the materials which the government submitted to the Probation Department in connection with Mr. Worthing.  *See* Criminal Local Rule 32-3(b) and (c).  The government is not obligated to turn over materials it submitted to Probation which pertain to other defendants.  In the event Mr. Worthing's draft presentence report refers to materials which the government submitted to Probation on behalf of another defendant, the government will promptly disclose such materials to Mr. Worthing.

The discovery dispute referred to by defendant in his status report concerns his broad request for discovery pursuant to Rule 16(a)(1)(E), which requires the government to produce documents and objects in its possession, which are "material to preparing the defense."  But "in the context of Rule 16, 'the defendant's defense' means the defendant's response to the Government's case in chief" at trial.  *United States v. Armstrong*, 517 U.S. 456, 462 (1996).  Because defendant pleaded guilty, he is not facing trial, and therefore is not entitled to discovery relevant only for trial preparation.  Of course, if

---

[1] On January 29, 2018, defendant agreed to a protective order concerning discovery materials, which has now been approved by the Court.  Accordingly, the government will produce this discovery forthwith.

No. CR 12-00300 CRB
U.S.' STATUS REPORT
2

1  defendant successfully withdraws from his plea and is facing trial, the government will produce the
2  materials covered by Rule 16(a)(1)(E).

3  **C.  The Defendant Should Not Benefit From His Own Delay.**

4  Defendant also contends that he should not be forced to "choose between being forthcoming with
5  Probation…and pursuing his motion to withdraw his plea." Dkt. 68 at 7.  But defendant is entirely
6  responsible for the delay in filing his motion to withdraw.  In fact, had defendant adhered to the parties'
7  agreed-upon briefing schedule for his motion to withdraw, the motion could have been adjudicated
8  before his scheduled interview with Probation on February 1.  *See* Dkt. 53 (motion hearing previously
9  scheduled for January 31).  Additionally, as the Court made clear at the December 8, 2018 status
10 hearing, defendant is not obligated to speak with Probation:

> THE COURT:  He can decide never to talk to Probation, if he doesn't want to. . . .  If I have an incomplete report, I have an incomplete report.  That's up to you to be as complete as you want to do it.

12/8/17 Tr. 8:13-15; 9:16-22.

DATED: January 30, 2018

Respectfully submitted,

/s/
ANDREW J. MAST
U.S. Department of Justice
Antitrust Division

No. CR 12-00300 CRB                3
U.S.' STATUS REPORT