1  THOMAS GREENE (CSBN 57159)
2  ANDREW J. MAST (CSBN 284070)
   GABRIEL R. MARTINEZ (CSBN 275142)
3  U.S. Department of Justice
   Antitrust Division
4  450 Golden Gate Avenue
5  Box 36046, Room 10-0101
   San Francisco, CA 94102
6  Andrew.Mast@usdoj.gov
7  Telephone: (415) 934-5300

8  Attorneys for the United States

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                      SAN FRANCISCO DIVISION
12

13

14  UNITED STATES OF AMERICA        )   No. CR 12-00300 CRB
                                    )
15              v.                  )
                                    )   **UNITED STATES' RESPONSE TO**
16  MATTHEW WORTHING,               )   **DEFENDANT'S MOTION TO**
                                    )   **COMPEL**
17          Defendant.              )
                                    )
18                                  )   Date:  February 9, 2018
                                    )   Time: 10:00 a.m.
19                                  )   Ctrm: 6
                                    )
20

21

22

23

24                          **INTRODUCTION**

25       Five-and-a-half years after pleading guilty, defendant Matthew Worthing seeks to compel the

26  production of voluminous discovery materials.  Defendant contends that the materials he seeks are

27  relevant to sentencing or his motion to withdraw his plea and that the government is required to

28  produced them pursuant to Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83

1  (1963).  But neither Rule 16 nor *Brady* require the government to produce the requested materials.

2  Defendant's motion to compel should be denied.

3  Additionally, defendant should not be permitted to rely on an *ex parte*, under seal declaration to

4  support his motion to withdraw.  *See* Dkt. 61, Exhibit B, Declaration of David. J. Cohen, Esq.  The

5  Court should either compel production of the Declaration to the government or refuse to consider its

6  contents in adjudicating defendant's motion to withdraw.

7  **BACKGROUND**

8  On June 20, 2012, defendant Matthew Worthing pleaded guilty to two counts of bid rigging and

9  two counts of conspiracy to commit mail fraud.  Dkt. 9.  On January 17, 2018, he filed a motion to

10  withdraw his guilty plea.  Dkt. 61.

11  The government has already produced certain discovery to defendant.  Specifically, the

12  government produced the FBI 302 reports documenting two interviews with defendant; a list of rigged

13  properties that account for the stipulated volume of commerce specified in defendant's plea agreement;

14  and audio/video recordings that the government identified as pertaining to defendant.[1]

15  On February 2, 2018, defendant filed a motion to compel the government to produce voluminous

16  discovery pursuant to Rule 16 and *Brady*.  *See* Dkt. 74-A.

17  **ARGUMENT**

18  **A. The Government Has Complied With Rule 16.**

19  Federal Rule of Criminal Procedure 16 requires the government to provide various types of

20  discovery under certain circumstances depending largely on the stage of litigation.  As most of Rule 16

21  is based on preparing a defense for trial, it is inapplicable after a guilty plea has been entered.

22  Defendant remains bound by his plea agreement and is not facing trial.  Therefore, his Rule 16 requests

23  are premature.

24  For example, Rule 16 (a)(1)(E), "Documents and Objects," which forms the bulk of defendant's

25  discovery request, only applies if (1) the items are material to preparing the defense, (2) the government

26  intends to use the items in its case in chief at trial, or (3) the items belong to the defendant.  Fed. R.

27  //

28

---

[1] The government indicated to defendant that it would also produce 302 reports associated with these recordings if they referred to a statement of defendant.  Upon review of these 302 reports, none refer to a statement of the defendant.

No. CR 12-00300 CRB                                             2
U.S.' RESP. TO DEF'S. MOT. TO COMPEL

1   Crim. P. 16 (a)(1)(E).  "[I]n the context of Rule 16, 'the defendant's defense' means the defendant's

2   response to the Government's case in chief" at trial.  *United States v. Armstrong*, 517 U.S. 456, 462

3   (1996).  Because defendant pleaded guilty, he is not facing trial and there will be no government case in

4   chief.  Therefore, defendant is not entitled to Rule 16 (a)(1)(E) discovery.  *See United States v. Pearson*,

5   340 F.3d 459, 469 (7th Cir. 2003) ("materials deemed by defendants to be necessary to prove their own

6   defense theory or to challenge the prosecutor's conduct of the case" not included).  Here, defendant

7   seeks "materials Mr. Worthing has already identified as being necessary to the preparation of his

8   defense."  Defendant's Ex. A to Mot. to Compel at 6.

9          In contrast, Rule 16(a)(1)(B), "Defendant's Written or Recorded Statement," does not explicitly

10  reference a trial right.  In light of that difference, the government has produced to defendant his recorded

11  statements captured on audio/video surveillance and the reports from his interviews.

12      **B.   The Government Has Complied With Its *Brady* Obligations.**

13         The government has complied with its obligations under *Brady*.  To the extent it becomes aware

14  of any other *Brady* material, it will promptly turn it over to defendant.  Defendant appears to extend his

15  *Brady* request to impeachment materials.  *See* Dkt. 74 at 11.  However, the government's obligations

16  pursuant to *Brady* after a guilty plea has been entered does not extend to impeachment materials.  *See*

17  *United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to

18  disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant.").

19         The government is not aware of any materials supporting defendant's purported entrapment

20  defense (imperfect or otherwise).  Defendant cites to *Sanchez v. United States*, 50 F.3d 1448 (9th Cir.

21  1995), to support his *Brady* argument.  Dkt. 74 at 6.  However, in *Sanchez*, the court found no *Brady*

22  violation regarding discovery of an informant in part because the defendant's entrapment defense was

23  implausible.  Here, defendant's claim that he was entrapped for each of the nine rigged properties that

24  accounted for the stipulated volume of commerce in his plea agreement is similarly implausible.  *See*

25  *United States v. Slaughter*, 891 F.2d 691, 699 (9th Cir. 1989) ("[I]nitial entrapment, assuming it exists,

26  does not immunize a defendant from criminal liability for subsequent transactions that a defendant

27  readily and willingly undertakes.").  Moreover, none of the defendants in *U.S. v. Giraudo* or the cases

28  proceeding before The Honorable Phyllis J. Hamilton raised an entrapment defense.

1    Regardless, the government has supplied the recordings in its possession that pertain to

2  defendant, including recordings that do not contain a statement by defendant but in which he was merely

3  referenced.  These materials account for the interactions defendant had with confidential informants and

4  an undercover agent.  To the extent they show an "imperfect entrapment" defense or tainted evidence,

5  defendant has time to review them prior to sentencing on March 21.

6      **C.   The Government Has Provided Defendant The Information It Provided Probation**

7    The government has supplied defendant with all of the materials which the government

8  submitted to the Probation Department in connection with defendant.  *See* Criminal Local Rule 32-3(b)

9  and (c).  This included defendant's interview reports, a list of properties that defendant rigged, and a

10 United States' pleading that provides extensive background information regarding the conspiracy.  *U.S.*

11 *v. Giraudo, et al.*, 14-CR-00534, Dkt. 236.  The government is not obligated to turn over materials it

12 submitted to Probation which pertain to other defendants.  Regardless, in the event defendant's draft

13 presentence report refers to materials which the government submitted to Probation on behalf of another

14 defendant, the government will promptly disclose such materials to him.

15     **D.  The Court Should Not Consider Defendant's *Ex Parte* Declaration When Adjudicating**
16        **Defendant's Motion to Withdraw**

17    Defendant submitted a declaration of David. J. Cohen, Esq. *ex parte* and under seal, claiming it

18 contains privileged information.  Dkt. 61 at 47, n.5.  Defendant then relied on the declaration for his

19 various arguments in Part F of his motion.  *See* Dkt. 61 at 47, 49, and 50.  The government has not seen

20 this declaration.

21    There is a "strong presumption in favor of access" to court documents.  *Kamakana v. City & Cty.*

22 *of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted).  Here, defendant's e*x*

23 *parte* and under seal declaration not only deprives the public of its right to access court documents,

24 defendant also deprives his opposing party access to refute any of his claims.  This one-sided litigation

25 runs contrary to our adversarial system.  In *United States v. Wie Lin*, a case presenting similar facts, the

26 court received *ex parte* evidence allegedly supporting the defendant's motion to withdraw his plea.  *Wie*

27 *Lin*, 2013 WL 2013 WL 12170305 at *5 (N. Mar. Is. Nov. 13, 2013).  For efficiency, the court reviewed

28 the evidence and concluded that it did not permit withdrawal.  However, the court explained that had

1  there been any compelling evidence, it would consider disclosing the evidence to the government so that

2  it could "adequately oppose the motion." *Id.*  Accordingly, to the extent that any argument in

3  defendant's *ex parte* under seal declaration raises a colorable basis for withdrawal of his plea, the United

4  States requests access to the declaration.

5

6                                                    **CONCLUSION**

7          The United States has complied with its discovery obligations under Rule 16 and *Brady*.  It has

8  already produced recordings that pertain to defendant as well as 302 reports from his interviews.

9  Defendant is not entitled to the materials he now seeks.

10         To the extent defendant's *ex parte* under seal declaration warrants argument, the United States

11  requests access to the declaration.

12

13                                                          Respectfully submitted,

14  DATED: February 5, 2018                           _____/s/_____

                                                       ANDREW J. MAST

15                                                      U.S. Department of Justice

                                                       Antitrust Division

16

17

18

19

20

21

22

23

24

25

26

27

28