IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW WORTHING,

Defendant.

Case No. 12-cr-00300-CRB-1

**ORDER STRIKING SEALED MOTION AND DECLARATION; DENYING MOTIONS TO SEAL [87, 88]; DENYING MOTION TO FILE OVERLENGTH REPLY BRIEF [85]; AND STRIKING REPLY BRIEF [86]**

Today (Feb. 22, 2018), the Court received a sealed motion from Mr. Worthing's attorney noticed for tomorrow (Feb. 23). The Criminal Local Rules provide: "Except as the assigned Judge directs or these criminal local rules require, all motions in criminal cases shall be filed, served and noticed in writing for hearing not less than 14 days after service of the motion or, if the Judge specially sets a date for hearing, not less than 14 days before the date specially set." Crim. L. R. 47-2(a). Mr. Worthing's motion does not comply with this rule. Nor has Mr. Worthing filed a motion to waive this requirement. Accordingly, the **CLERK IS ORDERED TO STRIKE** Mr. Worthing's motion and accompanying declaration from the docket. His motions to seal these documents are **DENIED AS MOOT**.

Also before the Court is Mr. Worthing's motion to file an over-long reply brief (dkt. 85). "Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date . . . [a] reply brief or memorandum may not exceed 15 pages of text." Civ. L.R. 7-4(b) (cross-referenced by Crim. L.R. 47-2(d)). Mr. Worthing filed his motion the date his reply brief was due, along with an over-long (22-page) brief, despite not receiving leave of the Court to do so. The Court finds that good cause does not exist to grant leave

to file an over-length brief, particularly given that Mr. Worthing was allotted 17 extra pages in the brief accompanying his original motion (dkt. 64). "We have learned, through experience, that it is typically the <u>shorter</u> briefs that are the most helpful, perhaps because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." <u>In re M.S.V., Inc.</u>, 892 F.2d 5, 6 (1st Cir. 1989) (Breyer, J.). Usually, courts grant motions to file over-length briefs because denying them is more trouble than it's worth. This allows "[s]ly lawyers take advantage of this institutional inertia to flout our page limits with impunity," and "encourages disdain for our rules and penalizes lawyers . . .who make the effort to comply." <u>Cuevas v. Hartley</u>, 835 F.3d 892 (9th Cir. 2016) (Kozinski, J., dissenting). While the Court normally puts up with this practice for the sake of convenience, there are limits, and Mr. Worthing's lawyers have found them.

Accordingly, Mr. Worthing's motion to file an over-length reply brief is **DENIED**, and the **CLERK IS ORDERED TO STRIKE** Mr. Worthing's over-length reply brief (dkt. 86). Mr. Worthing has missed the deadline to file his reply brief. If he wishes to file a reply brief that complies with the local rules, he must first seek and receive leave of the Court to do so. <u>See</u> Crim. L.R. 47-2(d).

Further, Mr. Worthing's attorney, David Cohen, is **ORDERED** to serve a copy of this order on his client, and to file notice of service with the Court no later than 5 p.m. on Monday, Feb. 26.

**IT IS SO ORDERED.**

Dated: Feb. 22, 2018

CHARLES R. BREYER
United States District Judge