DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:12-cr-00300-CRB |
| Plaintiff, | |
| v. | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMENDED REPLY TO RESPONSE TO MOTION TO WITHDRAW PLEA** |
| MATTHEW WORTHING, | |
| Defendant. | |

**MR. WORTHING'S MOTION FOR LEAVE TO FILE REPLY TO RESPONSE TO MOTION TO WITHDRAW PLEA**

Mr. Worthing, by and through counsel, respectfully moves this Court for leave to file a reply to the government's response to Mr. Worthing's motion to withdraw his plea.

In support of this administrative motion, Mr. Worthing states that he on January 17, 2018, Mr. Worthing submitted his overlength motion to withdraw his plea (doc. no. 61), as well as a motion for leave to file the overlength brief in which he cited to the numerous bases he put forth warranting withdrawal (doc. no. 59). Mr. Worthing was granted leave to file his overlength motion on January 22, 2018. Doc. no. 64. On February 7, 2018, the government filed a response to Mr. Worthing's motion that was 25 pages long, exclusive of cover page, tables, declarations, and exhibits. Doc. no. 78. On February 21, 2018, Mr. Worthing timely submitted an overlength reply brief of 22 pages in length (doc. no. 86), along with a motion for leave to file the overlength reply

Administrative Motion For Leave To File Amended Reply to Response to Motion to Withdraw Plea
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

1

1  brief (doc. no. 85). On February 22, 2018, the Court denied Mr. Worthing's motion for leave to file
2  an overlength brief and struck Mr. Worthing's reply. Doc. no. 89.

3        In recognition of Crim. L.R. 47-2(d)'s restriction on the length of reply briefs, Mr. Worthing
4  moved for leave to file an overlength reply brief in accordance with Civ. L.R. 7-11. As Mr. Worthing
5  explained in his administrative motion, he believed the length of his reply was necessary not only
6  to respond adequately to the government's rebuttals of Mr. Worthing's arguments in his original
7  motion, but to address the new case law cited by the government and provide a proper response to
8  the entirely new and novel arguments the government advanced in its opposition.

9        Mr. Worthing's reply did not match the length of his original motion, nor even the length of
10 the government's filing. Mr. Worthing was not attempting to "take advantage of [] institutional
11 inertia to flout [the Court's] page limits with impunity," as the Court suggested in its order. The
12 Court drew that language from a dissenting opinion in *Cuevas v. Hartley*, 835 F.3d 892 (9th Cir.
13 2016), in which the government, with all of its staff and resources, elected to add 14 pages to a
14 replacement brief that was ordered to respond to a new legal development, while spending only 3
15 pages on that actual development. Nonetheless, the majority there, including this very Court sitting
16 by designation, permitted the filing of the oversized brief.

17       Mr. Worthing, by contrast, included an additional seven pages in a brief intended to respond
18 to the government's filing of 25. Mr. Worthing did not do so out of "disdain for [the Court's] rules"
19 (*Id*. at 893), but out of respect for the many arguments presented to the Court, and with the
20 understanding that helpful briefing of those issues requires more than cursory citation to the
21 frequently undeveloped law in the areas at issue. Mr. Worthing takes his obligations under the Local
22 Rules seriously, and endeavors to show appropriate respect for the limits they place on parties and
23 counsel. But Mr. Worthing does not believe there is any "precise legal issue" (*In re M.S.V., Inc.*, 892
24 F.2d 5, 6 (1st Cir. 1989)) on which he has spent untoward pages. Even if Mr. Worthing's counsel
25 has failed to provide satisfactorily succinct briefing, Mr. Worthing, as the defendant in this case,
26 should not be penalized for his counsel's conduct. *See Stackhouse v. Berryhill*, No. 17 C 677, 2017
27 U.S. Dist. LEXIS 84156, at *3 (N.D. Ill. June 1, 2017), citing *Cuevas*, *supra*, 835 F.3d 892.
28

Administrative Motion For Leave To File Amended Reply to Response to Motion to Withdraw Plea
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

2

Nonetheless, out of respect for the Court's order, Mr. Worthing has dutifully worked to further shorten his reply brief, removing any statements that are arguably duplicative, shortening quotes to only absolutely necessary verbum, and greatly abbreviating every argument contained therein. As a result, Mr. Worthing is able to submit to the Court for its review a reply brief of only seventeen pages in length, having eliminated five pages (or approximately 23%) of his original filing. Mr. Worthing cannot honestly say the brief he now submits is as thorough as that which he originally attempted to file, but it *is* responsive to this Court's order. Mr. Worthing is simply unable to shorten his reply any further without entirely sacrificing arguments and crippling his record.

Mr. Worthing timely submitted his overlength reply and the accompanying motion seeking leave for its filing. Over the past two months, Mr. Worthing's counsel have spent a great deal of time on the briefs and filings in this case, litigating a motion to compel discovery in relation to the underlying motion on February 9, 2018. Counsel was unable to complete the reply brief any earlier than the filing deadline, and so submitted it timely, rather than in advance of that deadline. As soon as Mr. Worthing received this Court's order striking the reply brief earlier today, on February 22, 2018, counsel immediately set to work carefully reducing the size of that brief, as explained above. The result of the Court's February 22, 2018 order is that counsel was unable to submit an amended reply brief until that date, one day after the deadline for his brief.[1] However, counsel has wasted no time in its efforts to deliver to this Court the appropriate briefing. For that reason, Mr. Worthing seeks leave from this Court to permit him to file his shortened reply brief, which he promptly prepared in response to the Court's order.

///

---

[1] In acknowledgment of this inevitable practical complication arising from requests for overlength briefs, the Ninth Circuit allows a "reasonable interval" after the Court's denial of a motion for leave to file an overlength brief in which the party may file an amended brief. *See* Circuit Advisory Committee Note to Ninth Circuit Rule 32-2.

Administrative Motion For Leave To File Amended Reply to Response to Motion to Withdraw Plea
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

3

1   WHEREFORE, Mr. Worthing respectfully requests that his administrative motion be granted, and that he be permitted to file a seventeen page reply brief, exclusive of cover, tables, and signatures.

Dated: February 22, 2018              Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

By: /s/Alexander P. Guilmartin
ALEXANDER P. GUILMARTIN, ESQ.

Attorneys for Defendant **Matthew Worthing**

---

Administrative Motion For Leave To File Amended Reply to Response to Motion to Withdraw Plea
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB