UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 12-cr-00300-CRB-1 |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR EXTENSION OF TIME IN WHICH TO FILE REPLY BRIEF [91]; GRANTING [91] SECOND MOTION TO FILE OVER-LENGTH REPLY BRIEF; DENYING [94] MOTION TO FILE DKT. 90 UNDER SEAL; AND DENYING [94] MOTION FOR EMERGENCY HEARING.** |
| MATTHEW WORTHING, | |
| Defendant. | |
| | Re: Dkt. Nos. 90, 91, 92, 94 |

Mr. Worthing, through counsel, moves a second time to file an over-length reply brief on the issue of whether he should be allowed to withdraw his plea (dkt. 91). Because it appears that Mr. Worthing's attorneys have made a good-faith effort to comply with the local rules governing brief length, that motion, along with Mr. Worthing's motion for an extension of time in which to file the brief, is **GRANTED.** The Clerk is **ORDERED** to file Mr. Worthing's second over-length reply brief (dkt. 92).

Mr. Worthing also moves to file under seal a motion to compel production of his case file by his previous attorney (dkt. 94). He states generally that the materials should be sealed because they contain privileged information and attorney work product. See Mot. to Seal (dkt. 87). Having reviewed the document Mr. Worthing seeks to seal (dkt. 90), the Court sees nothing that could conceivably qualify as attorney work product or privileged information. That a motion may allude to potentially privileged material without describing the contents of that material is not grounds for sealing. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172 (9th Cir. 2006). Accordingly, that motion is **DENIED**

1  **WITHOUT PREJUDICE.**  Counsel may re-file the document publicly, with or without

2  proposed redactions of specific information, along with a motion describing why those

3  specific redactions are necessary.  The Court notes that it will not seal a motion or hearing

4  where it can resolve an issue without needing to review privileged material.

5         Finally, Mr. Worthing's attorneys request an expedited hearing on the motion to

6  compel production of Mr. Worthing's case file (dkt. 94).  They first contend that ex parte

7  motions such as the one they have filed do not have to be filed or noticed <u>at all</u>, citing

8  Criminal Local Rule 47-3.  As the Court <u>quoted</u> in its Feb. 22 order (dkt. 89), the local

9  rules provide: "Except as the assigned Judge directs or these criminal local rules require,

10 **all motions in criminal cases shall be filed, served and noticed in writing for hearing**

11 **not less than 14 days after service of the motion** . . . ."  Crim. L. R. 47-2(a) (double

12 emphasis added).  Mr. Worthing's attorneys filed the motion <u>one</u> day before the proposed

13 hearing (not 14), so they must either think that this is not a criminal case, or that what they

14 have filed is not a motion.  They would of course be wrong.

15        Mr. Worthing's attorneys next argue that there is good cause for the Court to grant

16 an exception to Rule 47-2(a) and hear their motion sometime before March 2, when Mr.

17 Worthing is appearing for a withdrawal-of-plea hearing.  Their explanation is as follows.

18 First, they did not seek Mr. Worthing's client file prior to the Court's hearing on their

19 earlier motion to compel discovery from the government because they anticipated that the

20 Court would grant that motion, and apparently believed that the information they sought

21 from Mr. Worthing's prior counsel would be redundant with information obtained from the

22 government.  <u>See</u> Motion to Conduct Emergency Sealed Hearing (dkt. 94) at 1.  When the

23 Court denied their motion to compel discovery from the bench on Feb. 9, the attorneys

24 sought an emergency hearing before the duty judge.  <u>Id.</u>  When they were told such a

25 request would be denied, they informed the Clerk that they planned to notice a motion

26 before this Court on Feb. 23.  <u>Id.</u> at 1–2.  However, misunderstanding the criminal local

27 rules, they did not actually file and notice the motion until Feb. 22.

28        Mr. Worthing's attorneys provide no reason why they could not have brought their

motion to compel disclosure of the client file before Feb. 9—no good reason, that is. Nor is their apparent ignorance of the local rules good cause for waiving the time requirements contained in those rules—if so, that would be a pretty sizeable loophole.

Mr. Worthing's attorneys appear to be proceeding on the strategy that the Court will grant exceptions from the local rules as a matter of course. While the Court tends to be liberal in granting such exceptions, it is less inclined to do so when attorneys' conduct suggests that they are trying to gain a strategic advantage by not following the rules, or believe that the rules do not apply to them. Accordingly, the motion for an exception from the filing and notice requirements contained in Criminal Local Rule 47-2 is **DENIED** with respect to Mr. Worthing's motion to compel disclosure of his client file. Of course, the Court is happy to entertain a motion that complies with the local rules' filing requirements.

Mr. Worthing's attorneys, David Cohen and Alexander Guilmartin, are **ORDERED** to serve a copy of this order on their client, and to file notice of service with the Court no later than 5 p.m. on Monday, Feb. 26.

**IT IS SO ORDERED.**

Dated: Feb. 23, 2018

CHARLES R. BREYER
United States District Judge