# EXHIBIT B

# BAY AREA CRIMINAL LAWYERS, PC

ATTORNEYS AT LAW

300 Montgomery Street, Suite 660
San Francisco, CA 94104-1908
Tel (415) 398-3900 • Fax (415) 398-7500
inquiry@bayareacrimlaw.com
www.bayareacrimlaw.com

DAVID J. COHEN

CERTIFIED SPECIALIST - CRIMINAL LAW
THE STATE BAR OF CALIFORNIA
BOARD OF CRIMINAL SPECIALIZATION

ADMITTED IN CALIFORNIA
AND NEW YORK

JASON T. CAMPBELL
OF COUNSEL
ADMITTED IN CALIFORNIA

CHERIE R. WALLACE
ADMITTED IN CALIFORNIA

MICHAEL J. PELLEGRINI
ADMITTED IN CALIFORNIA

ALEXANDER P. GUILMARTIN
ADMITTED IN CALIFORNIA

February 13, 2018

BY E-MAIL TO Andrew.Mast@usdoj.gov

Andrew J. Mast
Assistant U.S. Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *United States v. Worthing*;
      Case No. 3:12-cr-00300-CRB

Dear Mr. Mast:

On Febraury 9, 2018, the Court ordered the government disclose specific materials to the defense. The Court described those materials as follows:

> **THE COURT:** So, in other words, let's see what the probation department relies on in terms of sentencing of Mr. Worthing. Let's see what it is. And if there's something that they've relied on that is cited to, *in any manner relied on*, we'll take it from there.
> Because I think you're right. I think your defendant cannot be sentenced in a vacuum. That is to say based upon information that you don't have access to. . . .
> If, in fact, the probation department relies on Jones, Jones being an informant, saying X about your client, relies on it, and the Government has information which would be deemed *Brady* material about Jones, I think you are entitled to that.
> Because anything that casts doubt on the credibility of an individual who is supplying information to the Government – I mean, to the probation department, which you then are responsible for, I would – I would permit.

2/9/18 TX, 15:19-17:7 (emphasis added).

On February 13, 2018, United States Probation provided a draft presentence investigation report, in which it described a number of materials it "in any manner relied on" in its investigation. The report also identifies individuals whose statements and information provided

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
    Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 2

the basis for Probation's findings, individuals who "suppl[ied] information to the [Probation Department]." As a few examples, the presentence report indicates its reliance on "investigative reports prepared by the Federal Bureau of Investigation (FBI)" and "Further details [] provided by the case agent." Report, p. 4, ¶6. The report refers to the FBI's "undercover operation" that "rapidly corroborated the conduct reported by the cooperating sources," targeting "conspiracies in San Mateo and San Francisco counties." *Id.* at p. 5, ¶9. The report specifically notes the collection of "15 search warrants," "100 grand jury subpoenas for documents," "hundreds of witness interviews," and:

> (1) witness interviews and testimony, (2) audio/video recordings made by cooperating sources and an undercover agent; (3) pay/owe ledgers made by the co-conspirators to track money paid or owed pursuant to payoff agreements, including a comprehensive set of payoff records maintained on the BlackBerry and computer of Mohammed Rezaian, a major player in the San Francisco and San Mateo conspiracies; and (4) miscellaneous documents including internal record-keeping spreadsheets and emails from co-conspirators documenting payoff agreements.

*Id.* at p. 6, ¶¶ 13-14.

Pursuant to the Court's order compelling the disclosure of all materials relied upon by Probation, as well as impeachment materials related to individuals relied upon by Probation, Mr. Worthing renews his previous discovery requests. The Court's order requires all requested materials be turned over, as all of these materials fall under the purview of materials Probation "in any manner relied on" in its investigation (or "casts doubt on the credibility of an individual who is supplying information to the [Probation Department]"). Specifically, Mr. Worthing requests the following materials:

1. All materials related to the government's stationary audio and video recordings obtained outside and near the San Mateo County courthouse from December 22, 2009, to September 15, 2010, including all 200 or more hours of digital recordings. *See Id.* at p. 4, ¶6 (impeachment necessary as "Further details were provided by the case agent").

2. All 28 days of recordings obtained via stationary recording devices and all transcriptions thereof created by the United States government or its agents. *Ibid.*

3. Three .wav audio files, labeled in government records as 1D069.001_part3.wav, 1D143.001_part3.wav, and 1D233.001_part1.wav; and one .avi file, labeled in government records as 1D151.002.avi. *Ibid.*

4. Any and all audio or video recordings (stationary, body wire, or otherwise) from September 3, 15, and 17, 2010. *See Id.* at p. 6, ¶14 ("The evidence . . . consists

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
    Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 3

        primarily of . . . audio/video recordings made by cooperating sources and an undercover agent.").

5. All non-prosecution or other agreements entered into with government informants in connection with this or related cases, including but not limited to agreements entered into with Rajiv Gurjal, Ashton Gurjal, Gajan Thia, and Juan Diaz. *See Id.* at p. 5-6, ¶¶ 7, 9, 14 (impeachment necessary as "two brothers brought the Government information regarding bid rigging in San Mateo," "the FBI immediately began an undercover operation," and "audio/video recordings made by cooperating sources").

6. All records related to payments made or moneys received by government informants, including but not limited to profits secured by Rajiv Gurjal, Ashton Gurjal, Gajan Thia, and Juan Diaz. *Ibid.*

7. All ledgers or "pay-owe sheets" obtained by the government from persons connected to this or related cases, including the records of Mohammed Rezaian and Daniel Rosenbledt. *See Id.* at p. 5-6, ¶¶ 10-14 ("payments typically ranged between $5,000 and $30,000 per property . . . including payoffs as large as $150,000;" "The evidence . . . consists primarily of . . . pay/owe ledgers made by the co-conspirators to track money paid or owed pursuant to payoff agreements, including a comprehensive set of payoff records maintained on the BlackBerry and computer of Mohammed Rezaian, a major player in the San Francisco and San Mateo conspiracies")

8. Any and all audio or video recordings (stationary, body wire, or otherwise) mentioning Matthew Worthing, John Worthing, or Vince Sakowski, or with any of those individuals speaking or otherwise present on the recording. *See Id.* at p. 6, ¶14 ("The evidence . . . consists primarily of . . . audio/video recordings made by cooperating sources and an undercover agent.").

9. All record related to pin registers on co-conspirator telephone lines, including but not limited to lines belonging to Mohammed Rezaian and Joseph Giraudo. *See Id.* at p. 5-6, ¶¶ 8, 14 ("witnesses described this group of bidders as the 'Big Five,' consisting of Joseph Giraudo . . . and Mohammed Rezaian;" "The evidence . . . consists primarily of . . . audio/video recordings made by cooperating sources and an undercover agent.").

The remaining requests relate specifically to the following transactions:

- 1220 Nimitz (1/28/10)
- 111 Devonshire Way (3/30/10)

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
    Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 4

- 1834 Kehoe Ave. (4/13/10)
- 610 Topaz (4/20/10)
- 2043 Oregon Ave. (4/21/10)
- 1815 Edgewood Rd. (4/27/10)
- 1440 Hess Rd. (4/29/10)
- 3571 Sneath (5/8/10)
- 1010 Walnut (5/19/10)
- 617 Woodside Way (5/28/10)
- 212 Eaton (6/11/10)
- 1252 Woodside (6/11/10)
- 3201 Hastings Shore (6/21/10)
- 293 Corbett Ave. (7/12/10)
- 1210 Bellevue Ave. (7/23/10)
- 1031 Cherry Ave. (8/9/10)
- 548 Keelson Cir. (8/12/10)
- 2214 Sumeria (8/13/10)
- 624 Vanessa Dr. (8/24/10)
- 2307 Hacienda St. (8/26/10)
- 931 Gates (8/26/10)
- 282 Holladay Ave. (9/1/10)
- 1050 16th Ave. (9/2/10)
- 81 Highland Ave. (9/3/10)
- 653 Skyline Dr. (9/17/10)
- 6 Santa Ana Ave. (10/1/10)
- 150 Amherst Ave. (11/10/10)
- 1147 Vernon Ter. (11/29/10)
- 637 Foothill Dr. (11/29/10)
- 231 Gateway Dr. (12/6/10)
- 41 Portola Ave. (1/3/11)
- Any other transactions involving Matthew Worthing, John Worthing, or Vince Sakowski

10. Any and all audio or video recordings (stationary, body wire, or otherwise) from or related to the above property transactions. *See Id.* at p. 6, ¶14 ("The evidence . . . consists primarily of . . . audio/video recordings made by cooperating sources and an undercover agent.").

11. Any and all auction sign-in sheets from or related to the above property transactions. *See Id.* at p. 5-6, ¶¶ 10, 12, 14 (properties were obtained "sometimes only a penny

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
　　Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 5

    over the opening bid;" "Resale of bid-suppressed properties was profitable;" The evidence . . . consists primarily of . . . miscellaneous documents").

12. Any and all government 302s, whether from informants, co-conspirators, or undercover officers, from or related to the above property transactions, including but not limited to 302 nos. 0801 and 0857, as well as the following 302s:
    - Anderson, Gary NDRE-FBI-000893
    - Campion, Patrick NDRE-FBI-000985
    - Chung, Gilbert NDRE-FBI-001837
    - Doherty, James Doherty 00001
    - Doherty, John
    - Fong, Lydia NDRE-FBI-001592
    - Fung, Florence NDRE-FBI-002118
    - Gonzales, Jaime NDRE-FBI-002211
    - Goodman, Keith (3) NDRE-FBI-001150; NDRE-FBI-000966
    - Gujral, Rajiv (2) NDRE-FBI-002096; NDRE-FBI-002112
    - Lipton, Craig (2) NDRE-FBI-000747; NDRE-FBI-000881
    - Jaojoco, Oscar Lito NDRE-FBI-001350
    - Rezaian, Mo (3) NDRE-FBI-002516; NDRE-FBI-0018; NDRE-FBI-001781
    - Montalvo, Norman NDRE-FBI-001669
    - Navone, Michael NDRE-FBI-002248
    - Rosenblatd (2) NDRE-FBI-002031
    - Salma, Laith NDRE-FBI-001260
    - Sakowski, Vince NDRE-FBI-001111
    - Williams, Bob NDRE-FBI-001884
    - Worthing, John
    - NDRE-FBI-FISUR-000501 (1/3/11 Body Wire)
    - NDRE-FBI-FISUR-000503 (1/6/11 Body Wire)
    - NDRE-FBI-FISUR-000505 (1/7/11 Body Wire)
    - NDRE-FBI-FISUR-000514 (1/13/11 Body Wire)
    - NDRE-FBI-FISUR-000522 (10/6/10 Body Wire)
    - NDRE-FBI-FISUR-000526 (10/14/10 Body Wire)
    - NDRE-FBI-FISUR-000528 (10/15/10 Body Wire)
    - NDRE-FBI-FISUR-000529 (10/18/10 Body Wire)
    - NDRE-FBI-FISUR-000531 (10/21/10 Body Wire)
    - NDRE-FBI-FISUR-000545 (4/29/10 Body Wire)
    - NDRE-FBI-FISUR-000555 (7/1/10 Body Wire)
    - NDRE-FBI-FISUR-000559 (11/1/10 Body Wire)
    - NDRE-FBI-FISUR-000561 (11/8/10 Body Wire)

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
    Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 6

- NDRE-FBI-FISUR-000565 (11/15/10 Body Wire)
- NDRE-FBI-FISUR-000567 (11/18/10 Body Wire)
- NDRE-FBI-FISUR-000722 (9/15/10)
- NDRE-FBI-FISUR-000740 (9/15/10 Telephone Recordings)
- NDRE-FBI-FISUR-000749 (8/3/10 Body Wire)
- NDRE-FBI-FISUR-000760 (8/10/10 Body Wire)
- NDRE-FBI-FISUR-000762 (8/10/10 Body Wire)
- NDRE-FBI-FISUR-000792 (9/30/10 Body Wire)
- NDRE-FBI-FISUR-000794 (9/30/10 Body Wire)
- NDRE-FBI-FISUR-000798 (9/23/10 Body Wire)
- NDRE-FBI-FISUR-000800 (9/21/10 Body Wire)
- NDRE-FBI-FISUR-000801 (9/17/10 Body Wire)
- NDRE-FBI-FISUR-000802 (9/3/10 Body Wire)
- NDRE-FBI-FISUR-000811 (6/11/10 Body Wire)
- NDRE-FBI-SURV-000254 (9/10/10)
- NDRE-FBI-SURV-000298 (9/15/10)
- NDRE-FBI-FISUR-000014 (1/28/10)
- NDRE-FBI-FISUR-000860 (1/28/10 Stationary Mic)
- NDRE-FBI-000268 (1/28/10)
- NDRE-FBI-FISUR-000077 (4/13/10)
- NDRE-FBI-FISUR-000076 (4/21/10 Body Wire)
- NDRE-FBI-FISUR-000081 (4/20/10 Body Wire)
- NDRE-FBI-FISUR-000083 (4/27/10 Stationary Mic)
- NDRE-FBI-FISUR-000106 (4/27/10 Stationary Mic)
- NDRE-FBI-FISUR-000643 (4/27/10)
- NDRE-FBI-FISUR-000545 (4/29/10)
- NDRE-FBI-CHS-000090 (5/19/10)
- NDRE-FBI-FISUR-000557 (5/19/10 Body Wire)
- NDRE-FBI-CHS (5/27/10
- NDRE-FBI-FISUR-000809 (5/28/10 Body Wire)
- NDRE-FBI-CHS-000212 (6/11/10)
- NDRE-FBI-FISUR-000811 (6/11/10 Body Wire)
- NDRE-FBI-CHS-000336 (8/12/10)
- NDRE-FBI-FISUR-000766 (8/12/10 Body Wire)

13. Any and all co-conspirator statements, whether in the form of 302s, debriefs, proffers, or any other form, from or related to the above property transactions. *See Id.* at p. 4-6, ¶¶ 6, 12, 14 ("The following information . . . included investigative reports;"

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
   Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 7

"Giraudo said;" "Rezaian stated;" "The evidence . . . consists primarily of . . . witness interviews and testimony").

14. Any and all informant statements, whether in the form of 302s, debriefs, proffers, or any other form, from or related to the above property transactions, including but not limited to debrief no. 2112. *See Id.* at p. 5-6, ¶¶ 7, 9, 14 (impeachment necessary as "two brothers brought the Government information regarding bid rigging in San Mateo," "the FBI immediately began an undercover operation," and "audio/video recordings made by cooperating sources").

15. Any and all text messages obtained by the government and related to the above property transactions, including but not limited to messages involving Special Agents Bond, Byrne, and Wynar. *See Id.* at p. 4, ¶6 ("The following information . . . included investigative reports. Further details were provided by the case agent.").

16. Any and all other documents in the government's possession but not specifically identified herein, from or related to the above property transactions. *See Id.* at p. 5-6, ¶¶ 10, 12, 14 (properties were obtained "sometimes only a penny over the opening bid;" "Resale of bid-suppressed properties was profitable;" "The evidence . . . consists primarily of . . . miscellaneous documents").

Mr. Worthing notes that the government has to date produced approximately 48 hours of audio and video recordings it describes as "pertaining to Mr. Worthing." These recordings do not identify the dozens of speakers included in each recording, and include discussions of properties and transactions that are likewise unidentified. The government has refused to disclose 302s related to these recordings, making it nearly impossible for Mr. Worthing to make productive use of the recordings. Mr. Worthing has consequently contracted for approximately $6,000 of transcription services, for which he may move to compel the government compensate him, as this expense was purely the result of the government's refusal to turn over the materials to which he was (and is) entitled.

Mr. Worthing also specifically requests:

1. "[I]nvestigative reports prepared by the Federal Bureau of Investigation (FBI)." *See Id.* at p. 4, ¶6.

2. "15 search warrants." *See Id.* at p. 6, ¶13.

3. "100 grand jury subpoenas for documents." *Ibid.*

4. "Hundreds of witness interviews." *Ibid.*

Andrew Mast
Assistant U.S. Attorney
Re: *United States v. Mast*
    Case No. 3:12-cr-00300-CRB
February 13, 2018
Page 8

5. "Witness interviews and testimony." *See Id.* at p. 6, ¶14.

6. "Audio/video recordings made by cooperating sources and an undercover agent." *Ibid.*

7. "Pay/owe ledgers made by the co-conspirators to track money paid or owed pursuant to payoff agreements." *Ibid.*

8. "Miscellaneous documents including internal record-keeping spreadsheets and emails from co-conspirators documenting payoff agreements." *Ibid.*

Mr. Worthing continues to investigate the case and review materials provided to him by the government and prior counsel. The above request reflects materials Mr. Worthing has identified as being necessary to the preparation of his defense and for sentencing, but should not be considered exhaustive. Mr. Worthing is currently unable to identify all materials relied upon by Probation in its report, as, for example, Probation cites "investigative reports" and "details" (*Id.* at p. 4, ¶6), "one witness" (*Id.* at p. 5, ¶12) or "miscellaneous documents" (*Id.* at p. 6, ¶14) When and if Mr. Worthing identifies additional materials necessary for his defense, he will request disclosure thereof.

Mr. Worthing sends this discovery request in an attempt to meet and confer with the government. *See* Crim. L.R. 16-1. If the government refuses Mr. Worthing's discovery request, he will seek a motion to compel discovery in connection with his sentencing.

                Respectfully,

                Alexander P. Guilmartin, Esq.