IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MATTHEW WORTHING,<br>Defendant. | Case No. 12-cr-00300-CRB-1<br><br>**ORDER DENYING MOTION TO WITHDRAW PLEA; DENYING MOTION TO RECONSIDER DISCOVERY ORDER** |

Matthew Worthing pled guilty to the charges in this case on June 20, 2012. Now, over five years later, on the eve of sentencing, he brings a motion to withdraw his plea. That motion is denied because Worthing has not advanced a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).

**1.** Worthing first argues that some of the evidence the government might have brought against him had he proceeded to trial may be inadmissible. But this is neither here nor there: "[a] guilty plea waives all defenses except those that go to the court's subject-matter jurisdiction and the narrow class of constitutional claims involving the right not to be haled into court." De Vaughn, 694 F.3d at 1153; see also Thomas v. United States, 290 F.2d 696, 697 (9th Cir. 1961). Worthing does not make a jurisdictional objection, and does not argue that his rights have been infringed under the Due Process or Double Jeopardy clauses. See De Vaughn, 694 F.3d at 1153; see also Blackledge v. Perry, 417 U.S. 21, 94 (U.S. 1974); Menna v. New York, 423 U.S. 61, 96 (1975). Worthing's argument that some of the government's hypothetical evidence would be inadmissible in a hypothetical case against him therefore does not provide a fair and just reason for requesting the withdrawal. Worthing does not argue that there is no "factual basis for his

plea." [1] McCarthy v. United States, 394 U.S. 459 (1969); see also Menna, 423 U.S. at 96 (guilty plea "renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt.").

**2.** Worthing next alleges various flaws in the charging document. However, that a defendant might have been able to bring a successful motion to dismiss had he not pled is not a fair and just reason for requesting withdrawal. See De Vaughn, 694 F.3d at 1153; United States v. Ensminger, 567 F.3d 587, 594 (9th Cir. 2009). "[A]n intervening change in governing law may operate as a fair and just reason to withdraw a guilty plea," id., but Worthing has not identified any such change, pointing only to non-binding recent authority. Accordingly, the Court declines to reach the merits of his arguments that the indictment is deficient.

**3.** Worthing next argues that his plea was not knowing and voluntary because his plea colloquy was inadequate. See Fed. R. Crim. P. 11(b)(1). Worthing's insistence that he was not advised he was pleading guilty to four counts is belied by the prosecutor's statement during the colloquy that Worthing "is charged with four counts in the information." [2] Tr. (dkt. 52) 5:21–22. Worthing's contention that the Court failed to advise him that restitution or a special assessment might be ordered is belied by the transcript. Tr. 6:14–15. To the extent Worthing is arguing that these advisements must come from the judge, not the prosecutor, this assertion has no discernible basis in the statutory text or case law.

Worthing's contention that he was not properly advised of the maximum penalties associated with counts three and four fails because any error was harmless, given that (1)

---

[1] In a footnote, Worthing asks the Court to reconsider its denial of his motion to compel discovery regarding possible Fourth Amendment defenses. Given the above discussion, any discovery could not possibly help his case. Accordingly, the request is **DENIED.**

[2] When the Clerk of Court entered the plea, she asked Worthing: "Matthew Worthing, how do you plead to Counts One through Four of the information?" Tr. 9:3. The Court also specifically asked Worthing if he had "carefully" read paragraph four of the plea agreement, which described all four counts in detail. Tr. 8:22–9:7; see also Plea Agreement (dkt. 8) at 3–6. Worthing stated that he had, and that they were.

2

United States District Court
Northern District of California

Worthing was correctly advised of the total maximum sentence, and (2) Worthing's actual sentence will be well below the maximum (according to the prosecution, the applicable Sentencing Guidelines range in this case is 12 to 18 months).

As to Worthing's argument that the Court failed to advise him that his plea agreement contained an appellate waiver, the proper remedy for any such failure is for the Court of Appeals to hold the waiver unenforceable, not to allow the defendant to withdraw his plea. United States v. Arellano-Gallegos, 387 F.3d 794, 797 (9th Cir. 2004); United States v. Watson, 582 F.3d 974, 987 (9th Cir. 2009). Because Worthing has not yet appealed, the issue of whether he has waived that right is not ripe for adjudication.

Worthing is correct that the Court did not specifically advise him of the consequences of perjuring himself. But any such failure was harmless, given that Worthing does not state that he perjured himself, and is not facing prosecution for perjury. See United States v. Banks, 467 F. App'x 468, 472 (6th Cir. 2012); United States v. Bethany, 569 F. App'x 447, 451 (7th Cir. 2014).

**4.** Finally, Worthing's allegations of vindictive prosecution are meritless: the government afforded him the same opportunity it gave the other defendants to re-plead to charging documents that did not include counts of mail fraud, and he declined. The government offered no defendant what he now seeks: the opportunity to withdraw his plea.

Worthing's motion to withdraw his plea is **DENIED.**

**IT IS SO ORDERED.**

Dated: March 2, 2018

CHARLES R. BREYER
United States District Judge