IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW WORTHING,<br><br>Defendant. | Case No. 12-cr-00300-CRB-1<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY FOR SENTENCING PURPOSES** |

Matthew Worthing moves to compel discovery from the government and from the probation department for sentencing purposes. Worthing essentially seeks all of the material the government collected in investigating and prosecuting the massive conspiracy of which he has admitted being a part. See Mot. to Compel (dkt. 97) Ex. B. For the reasons given below, that motion is denied.[*]

Worthing first argues that the government is obligated to turn over material pursuant to Federal Rule of Criminal Procedure 16. However, Rule 16 does not apply where a defendant "is not seeking the discovery to aid in the preparation of his defense, but is attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments." United States v. Pirosko, 787 F.3d 358, 367–68 (6th Cir. 2015) (internal quotation marks omitted); see also Notes of Advisory Comm., Fed. R. Crim. P. 16 (1966) (stating in the preamble that "[t]he rule has been revised to expand the

---

[*] Because Worthing only seeks material from the probation department that is within the government's control, and because a request for materials relied on by the probation department in preparing his pre-sentence report is not yet ripe (given that that report has not yet been produced), this order does not engage in a separate analysis of the probation department's obligations.

scope of pretrial discovery."). Accordingly, Worthing's Rule 16 arguments fail.

Worthing next argues that the government is obligated to produce the material under Brady. Even assuming arguendo that Brady obligations "appl[y] to evidence material to sentencing," Jefferson v. United States, 730 F.3d 537, 554 (6th Cir. 2013), and that the government has undisclosed Brady material in its possession, the evidence Worthing claims the government has failed to turn over is not material. Worthing's argument that the government should disclose anything that would aid his argument for a downward departure based on an "imperfect entrapment" theory fails because he is not eligible for such a departure, given that he has pled guilty. United States v. McClelland, 72 F.3d 717, 725 (9th Cir. 1995). Nor does Brady require the government to turn over materials that would allow Worthing to argue that he is less culpable than other defendants: Worthing will have full access to the government's sentencing brief, and will have an opportunity to rebut any argument the government makes about relative culpability. His goal in seeking discovery is apparently to conduct an analysis of all 24 defendants in this case and challenge the factual basis for a determination of the relative culpability of any or all of those 24 defendants. But this assumes that the Court is incapable of performing this analysis, with assistance from the government and each of the 24 defendants.[†] Worthing's apparent concern that there will be errors in assessing those cases is really a concern with the adversarial system of justice itself. His remedy is a Constitutional convention, not additional discovery.

**IT IS SO ORDERED.**

Dated: March 2, 2018

CHARLES R. BREYER
United States District Judge

---

[†] Anticipating that Worthing's next motion may seek discovery on the Court's preliminary assessment of relative culpability, and hoping to save him time and expense, the Court cautions that Brady does not impose discovery obligations on the Court. It even has a cite for this proposition: United States v. Trevino, 556 F.2d 1265, 1271 (5th Cir. 1977).