DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | Case No. 3:12-cr-00300-CRB |
| Plaintiff,  ) | **MR. WORTHING'S MOTION TO COMPEL DISCLOSURE OF CLIENT FILE** |
| v.  ) | |
| MATTHEW WORTHING,  ) | Date: April 26, 2018 |
| Defendant.  ) | Time: 1:30 p.m. |
| | Ctrm.: 6 |

**I.**

**STATEMENT OF FACTS**

On January 12, 2011, Matthew Worthing retained John Williams, Esq., in connection with this case. During, and aiding in, his representation of Mr. Worthing, Mr. Williams obtained various documentary materials from a number of sources, all of which Mr. Williams collected in Mr. Worthing's client file.

On October 6, 2017, present counsel substituted into this case. Counsel requested that Mr. Williams turn over Mr. Worthing's complete client file. Mr. Williams refused to do so, instead producing only some of the materials in his possession. On January 18, 2018, Mr. Williams alerted all counsel to his concerns regarding what he perceived as conflicting obligations regarding Mr. Worthing's client file. On January 19, 2018, Jay Rorty, Esq., notified counsel that he had been retained to represent Mr. Williams in connection with the matter.

1   On February 21, 2018, Mr. Worthing moved under seal to compel disclosure of his client file by Mr. Williams (doc. no. 90), and filed an administrative motion to seal his motion and the declaration of David J. Cohen, Esq., in support thereof (doc. no. 88). The Court struck the motion to compel as not timely noticed. Doc. no. 89.

On February 22, 2018, Mr. Worthing again moved ex parte to file, order sealed, and conduct a sealed hearing on his motion to compel disclosure of his client file. Doc. no. 94. The Court denied the request to seal the motion or conduct an expedited hearing. Doc. no. 95.

Mr. Worthing now brings the present, public, and noticed motion to compel Mr. Williams to produce the materials in his possession, to all of which Mr. Worthing is entitled as being portions of his client file. Mr. Williams earlier informed counsel, through Mr. Rorty, that he does not actually oppose disclosure. Rather, Mr. Williams only seeks guidance from the Court on the proper way to navigate his perceived conflict of interest.

## II.

## **ARGUMENT**

The Ninth Circuit has described an attorney's "overriding duty of loyalty" as "a basic tenet of the attorney-client relationship." *Towery v. Ryan*, 673 F.3d 933, 942 (9th Cir. 2012). "The duty of loyalty does not stop once the attorney-client relationship ends." *Chandler v. McIntosh* (*In re McIntosh*), Nos. NC-15-1029-JuTaD, NC-15-1036-JuTaD, 2015 Bankr. LEXIS 3760, at *22 (B.A.P. 9th Cir. Nov. 3, 2015). "[A]n attorney who ceases to represent a client has certain continuing obligations to his client, including taking steps to the extent reasonably practicable to protect a client's interests." *Gibbs v. Legrand*, 767 F.3d 879, 889 (9th Cir. 2014).

A criminal defendant's ability to obtain from his counsel for inspection or copying those materials necessary for his defense is paramount. Under the majority rule put forth by the Restatement of Law Governing Lawyers and recognized in most jurisdictions, "upon termination of the attorney-client relationship, the client is presumed to be entitled to full access to the attorney's file on a matter where the attorney represented the client." *Schmidt v. Kimberly-Clark Corp.*, No. 09-C-0643, 2013 U.S. Dist. LEXIS 34657, at *7 (E.D. Wis. Mar. 13, 2013), citing Restatement

1  (Third) of Law Governing Lawyers § 46(2) (2000). Rule 3-700(D)(1) of the California Rules of
2  Professional Conduct requires an attorney release to a client upon termination "all the client papers."
3  *See also In re Haynes*, No. C 10-4642 PJH, 2013 U.S. Dist. LEXIS 40649, at *119 (N.D. Cal. Mar.
4  22, 2013) [holding that counsel's failure to promptly release client file was violation of ethical duty].

5      Mr. Worthing's access to his own client file is of particular importance here, where these
6  materials are relevant and helpful to his preparation for sentencing. Due process requires a defendant
7  have access to those materials probative to his sentencing arguments. *Brady v. Maryland*, 373 U.S.
8  83, 87 (1963); *see also United States v. Feeney*, 501 F.Supp. 1324, 1334 (D.Colo. 1980) ("It is
9  deserving of comment that *Brady v. Maryland* dealt only with punishment").

10     Over the course of his representation of Mr. Worthing, Mr. Williams has received
11 considerable discovery, all of which currently exists in a client file to which Mr. Worthing does not
12 have access. Mr. Worthing's inability to receive the materials in his prior attorney's file is plainly
13 impermissible.

### III.

### CONCLUSION

16     Mr. Worthing's prior counsel is concerned that a conflict of interest prevents him from
17 returning to Mr. Worthing the entirety of his client file. To the extent any conflict of interest exists,
18 it is easily overridden by Mr. Williams' overriding duty of loyalty to his client. Fortunately, no such
19 conflict exists. Mr. Williams may freely produce the requested materials in accordance with the
20 protective order and his duties as counsel. Mr. Worthing requests this Court compel Mr. Williams
21 to do so.

23 Dated: April 12, 2018              Respectfully submitted,

24                               **BAY AREA CRIMINAL LAWYERS, PC**

26                               By: /s/David J. Cohen
                                DAVID J. COHEN, ESQ.

27                               Attorneys for Defendant **Matthew Worthing**