DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW WORTHING, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:12-cr-00300-CRB <br><br> **MR. WORTHING'S MOTION TO COMPEL PRODUCTION OF MATERIALS RELIED UPON BY PROBATION** <br><br> Date: April 26, 2018 <br> Time: 1:30 p.m. <br> Ctrm.: 6 |

**I.**

**INTRODUCTION**

Mr. Worthing presently moves to compel discovery necessary for upcoming sentencing hearing. This Court has already ordered the government turn over all materials relied upon by United States Probation, as well as materials impeaching individuals relied upon by Probation. After he received a draft version of the presentence investigation report on February 13, 2018, Mr. Worthing requested the government comply with that order. Despite this, the government refused to do so, turning over a limited selection of materials that do not satisfy its obligation and arguing that it need make no further disclosure.

On February 28, 2018, Mr. Worthing moved to compel production of all materials relied upon by Probation in the drafting of its report. Doc. no. 97. The Court deemed the issue unripe, as Probation had not finalized its report. Doc. no. 101. On April 12, 2018, Probation provided its final presentence investigation report, in which it continued to rely upon the materials of which Mr. Worthing had requested production.

**II.**

**MR. WORTHING IS ENTITLED TO MATERIALS RELIED UPON BY PROBATION.**

Mr. Worthing is entitled to all materials that Probation has relied upon in its preparation of a presentence report. Under Criminal Local Rule 32-3(b) and (c), the government is required to disclose to the defense all materials provided to Probation. Mr. Worthing also has a constitutional right to *Brady* materials contained in a presentence report, including "material in a probation file that bears on the credibility of a significant witness." *United States v. Alvarez*, 358 F.3d 1194, 1207 (9th Cir. 2004).[1] This Court in fact acknowledged Mr. Worthing's entitlement to these materials during a February 9, 2018 discovery hearing.[2]

In Mr. Worthing's February 1, 2018 probation interview, U.S. Probation indicated that it had received 320s relevant to other defendants' participation in the overarching bid-rigging scheme, but

---

[1] *Brady* extends to materials relevant to sentencing. *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (emphasis added). *Brady* itself was a sentencing case. *See United States v. Feeney*, 501 F.Supp. 1324, 1334 (D.Colo. 1980) ("It is deserving of comment that *Brady v. Maryland* dealt only with punishment").

[2] MR. COHEN: One is under the local rule, which says everything Probation relied on in their report should be produced to us. But even more importantly –

THE COURT: I agree with that.

MR. COHEN: And even more important –

THE COURT: Okay. You don't have to argue that. You're right. . . .

THE COURT: So, in other words, let's see what the probation department relies on in terms of sentencing of Mr. Worthing. Let's see what it is. And if there's something that they've relied on that is cited to, in any manner relied on, we'll take it from there.
Because I think you're right. I think your defendant cannot be sentenced in a vacuum. That is to say based upon information that you don't have access to. . . .

THE COURT: If, in fact, the probation department relies on Jones, Jones being an informant, saying X about your client, relies on it, and the Government has information which would be deemed *Brady* material about Jones, I think you are entitled to that.
Because anything that casts doubt on the credibility of an individual who is supplying information to the Government – I mean, to the probation department, which you then are responsible for, I would – I would permit. And that's fine.

Doc. no. 84 - 2/9/18 TX, 14:16-22; 15:19-16:1; 16:25-17:7.

---

Mr. Worthing's Motion to Compel Production of Materials Relied Upon by Probation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

2

would not disclose the degree to which it intended to rely on those materials in preparing Mr. Worthing's presentence report. After reviewing the presentence report, it has become clear that Probation was provided a bounty of materials by the government, all of which allowed it to provide specific, detailed background information about the overarching bid-rigging scheme and the participants therein. Indeed, much of this background information was not available in Mr. Worthing's 302s, and appears to have come from Probation's exhaustive review of all of the materials it was provided in connection with its investigation. Although the government has recently produced four 302s, these 302s do not provide all of the details referenced in the report. Mr. Worthing has received no materials, for example, indicating payoffs ranging "between $5,000 and $30,000 per property," with some "payoffs as large as $150,000." This information presumably comes from the pay-owe ledgers known to be in the government's possession that it has never disclosed to Mr. Worthing. So too does the probation report rely on information provided by "two brothers" (presumably Rajiv and Ashton Gurjal), despite the fact that Mr. Worthing has received no 302s or other information related to Rajiv Gurjal, and only one short document of notes of a single interview with Ashton Gurjal.

Mr. Worthing made a detailed discovery request on February 13, 2018, wherein he cited specifically Probation's reliance on a number of materials in its draft report. *See* Exhibit A. For the sake of brevity, Mr. Worthing does not repeat those same contentions here, as the final report continues its reliance on each piece of information cited therein. Instead, Mr. Worthing incorporates by reference those arguments and notes for the Court that the government has refused to turn over nearly all of the materials Mr. Worthing requested in his February 13 letter.

In its response to Mr. Worthing's discovery February 13 request, the government avoided turning over the requested materials by arguing that, although the probation report references statements by case agents and informants, it does not *rely* on those statements in a way that pertains to Mr. Worthing. This is a thin distinction indeed. Mr. Worthing is set to be sentenced in reliance upon the information Probation provides to the Court in its report. That report identifies individuals on whom it relies in communicating its understanding of Mr. Worthing's offense. That an informant,

Mr. Worthing's Motion to Compel Production of Materials Relied Upon by Probation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

3

for example, never specifically named Mr. Worthing does not mean his statements were of no relevance to Probation, especially where it specifically cites that informant when relaying information.

Equally unavailing is the government's assertion, in its informal response to Mr. Worthing, that Probation's listing of materials that constitute the evidence of the offense does not mean Probation relied on those materials, or even had access to them. Of course, it is unclear how Probation would be able to describe the evidence against Mr. Worthing without reviewing it in one form or another. The government's argument here is merely a continuation of what it has spuriously claimed all along: the government can turn over massive amounts of material to a handful of Probation officers tasked with preparing reports for dozens of defendants involved in a single conspiracy, and then need only turn over a small portion of those materials to each defendant himself. This is an underhanded subversion of the government's discovery obligations, which exist in the context of presentence reports in order to ensure a criminal defendant is not sentenced without full access to the materials being used against him. It is also an unjust means by which different defendants would be left to different access to sentencing arguments merely as a result of the procedural histories of their cases; because Mr. Worthing did not proceed to trial, he was not provided many of the materials on which those defendants, who were convicted at trial, now have the benefit of relying upon for their sentencing hearings. That is, Mr. Worthing's decision to cooperate with the government will actually hurt his ability to present §3553(a) arguments at sentencing. That need not be the case.

Mr. Worthing should be allowed an opportunity to refute *all* of the evidence Probation has relied upon in crafting its understanding of the offense and in developing its recommended sentence, not only the evidence that the government declares most on point. This entitlement extends to materials impeaching those individuals on whom Probation has relied, whether it is agreements with (as well as payments to and interviews of) government informants or misconduct (including illegal recordings in this case) conducted by investigating agents.

Mr. Worthing's Motion to Compel Production of Materials Relied Upon by Probation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

4

## III.

## CONCLUSION

On March 2, 2018, this Court declined to address Mr. Worthing's requests for materials relied upon by Probation, deeming that request unripe. Having received the final version of the presentence investigation report, Mr. Worthing now moves specifically for the materials United States Probation relied upon in generating that report. Mr. Worthing is entitled to the disclosure of this discovery, constituting as it does *Brady* materials as well as materials subject to this District's Local Rules. Mr. Worthing respectfully requests this Court grant his motion to compel the production of the requested materials, which are described in full detail in the attached exhibit. *See* Exhibits A.

Dated: April 12, 2018                                       Respectfully submitted,

                                                                             **BAY AREA CRIMINAL LAWYERS, PC**

                                                          By: /s/David J. Cohen
                                                              DAVID J. COHEN, ESQ.
                                                              Attorneys for Defendant **Matthew Worthing**

Mr. Worthing's Motion to Compel Production of Materials Relied Upon by Probation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

5