DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW WORTHING, <br><br> Defendant. | Case No. 3:12-cr-00300-CRB <br><br> **MR. WORTHING'S MOTION TO DISMISS INFORMATION FOR RULE 11 VIOLATION** <br><br> Date: April 26, 2018 <br> Time: 1:30 p.m. <br> Ctrm.: 6 |

**I.**

**STATEMENT OF FACTS**

On June 20, 2012, Matthew Worthing entered guilty pleas to all four counts of a four count information, all pursuant to a negotiated plea agreement. Doc. no. 9. While Mr. Worthing was awaiting sentencing, the government continued its prosecutions of similar, related defendants out of both the Northern and Eastern Districts (all of which involve like allegations of bid-rigging schemes and conduct by defendants to obtain either properties or pay-offs through private, secondary round-robin auctions). In many of those prosecutions, the government pursued charges for conspiracy to commit mail fraud, as it did against Mr. Worthing. However, on August 15, 2016, United States District Judge Hamilton of the Oakland branch for the Northern District of California ordered the mail fraud counts in the indictments of Mr. Galloway, Mr. Diaz, Mr. Gullory, and Mr. Joyce dismissed. *United States v. Galloway*, 2016 U.S. Dist. LEXIS 109639 (N.D. Cal. Aug. 15,

2016). In her order, Judge Hamilton cited the fundamental structural deficiencies in the charges and ordered that the only appropriate remedy for the government's lacking pleading was dismissal.

Following Judge Hamilton's ruling, and in recognition thereof, the government and the Court acknowledged the infirmity in its mail fraud allegations, permitted every related defendant before this Court to withdraw their guilty pleas to the mail fraud counts, dismissed every mail fraud charge, and entered into a stipulated change of plea to an information charging only bid-rigging counts. *See* 3:13-cr-00587-CRB, doc. no. 40; 3:13-cr-00246-CRB, doc. no. 43; 3:12-cr-00785-CRB, doc. no. 49; 3:11-cr-00801-CRB, doc. no. 53; 3:13-cr-00804-CRB, doc. no. 34; 3:13-cr-00805-CRB, doc. no. 37; 3:13-cr-00069-CRB, doc. no. 40; 3:12-cr-00301-CRB, doc. no. 44; 3:13-cr-00388-CRB, doc. no. 39; 3:13-cr-00670-CRB, doc. no. 37; 3:11-cr-00795-CRB, doc. no. 73; 3:11-cr-00802-CRB, doc. no. 58; 3:11-cr-00798-CRB, doc. no. 55; 3:11-cr-00798-CRB, doc. no. 55; 3:11-cr-00800-CRB, doc. no. 54; 3:11-cr-00797-CRB, doc. no. 58; 3:11-cr-00796-CRB, doc. no. 61. Likewise, the government moved to dismiss the mail fraud charges against all five hold-out defendants, all of whom have since elected to plead guilty to bid-rigging counts alone. *See* 3:14-cr-00534-CRB, doc. nos. 178, 262, 264, 271, 275, 276. This Court, as part of its agreement with the government, granted every one of these withdrawals and accepted the subsequent pleas, explaining in a hearing with Mr. Worthing its view of the scheme:

> THE COURT: And also there were some -- sort of what I'd call "rearranged pleas." The pleas to the charges, such as Mr. Worthing entered a plea, were withdrawn by the defendant; and a new plea of guilty was to different charges entered by that particular defendant. So that's the picture that I understand happened.
>
> Now, I further understand that those, quote, "rearranged pleas," if we can call it that --
>
> MR. MAST: Sure.
>
> THE COURT: -- were basically -- were for the convenience or to the benefit of the defendants; that is, it didn't enhance the potential sentence. What it did was it relieved them from the charge of fraud, and put it in a different context: A charge of bid rigging, whatever it was.
>
> MR. MAST: That's correct, Your Honor. Every defendant who re-entered a plea pled to bid ringing only. The Offense Level for every defendant either stayed the same or was lowered, in terms of the Guidelines.
>
> THE COURT: Okay. So it was all to their benefit.

Mr. Worthing's Motion to Dismiss Information for Rule 11 Violation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

1  Doc. no. 57 (12/8/17 TX, 3:1-19).

2  The government and the Court extended this same offer to Mr. Worthing, proposing a
3  stipulated withdrawal of plea, voluntary dismissal of the mail fraud charges, and a new plea to only
4  bid-rigging charges. *Ibid*. In its motion to vacate a status hearing and schedule a guilty plea hearing
5  in this case, the government explained it "no longer intends to pursue mail-fraud charges" in order
6  "to achieve parity with the defendants in similarly situated cases." Doc. no. 45.

7  Mr. Worthing rejected the government's proposed course of action, involving as it did an
8  unnecessary, new plea as consideration for the government's agreement to withdrawal from the
9  original plea. Mr. Worthing instead moved to withdraw his plea on a number of legal bases. Doc.
10 no. 61. The Court denied Mr. Worthing's motion, effectively holding that it would only recognize
11 the illegality of the information and permit withdrawal if Mr. Worthing agreed to the government's
12 proposed substitute plea in exchange therefor. Doc. no. 100.

13 Mr. Worthing now brings the present motion to dismiss the information for a violation of
14 Fed. R. Crim P. 11(c)(1). Mr. Worthing moves for dismissal on the basis of the Court's conduct,
15 which violated Rule 11's prohibition on the Court's participation in plea agreement discussions.[1]

16 **II.**

17 **COURTS ARE PROHIBITED FROM PARTICIPATING IN PLEA NEGOTIATIONS.**

18 Rule 11(c)(1) of the Federal Rules of Criminal Procedure explicitly bars courts from
19 participating in discussions regarding plea agreements. More specifically, "Rule 11(c)(1) is intended
20 to eliminate all judicial pressure from plea discussions." *United States v. Kyle*, 734 F.3d 956, 963
21 (9th Cir. 2013); *see also United States v. Myers*, 804 F.3d 1246, 1253 (9th Cir. 2015) ["the Rule
22 categorically bars judges from participating in plea negotiations"]; *United States v.
23 Gonzalez-Melchor*, 648 F.3d 959, 964 (9th Cir. 2011) ["We have explained previously that judicial
24 participation in plea negotiations is prohibited"]; *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir.

---

27 [1] In a separately and simultaneously filed motion, Mr. Worthing also moves for dismissal on the basis of the
   Court's interference in plea negotiations, arguing this conduct violated the constitutional doctrine of the separation of
28 powers.

1992) ["[Rule 11(c)(1) creates a] 'bright-line rule' . . . bar[ring] a judge from participating in plea bargaining"].

"This rule is designed 'to keep the judge from shaping the plea bargain or persuading the defendant to accept particular terms, and to preserve judicial impartiality.'" *Benvin v. United States Dist. Court* (*In re Benvin*), 791 F.3d 1096, 1103 (9th Cir. 2015), quoting *United States v. Frank*, 36 F.3d 898, 902 (9th Cir. 1994). The concerns addressed by Rule 11(c)(1) are not limited to pre-plea coercion; the court's participation in plea negotiations is also prohibited "because it may affect the judge's impartiality *after* negotiations are completed." *United States v. Gonzalez-Melchor*, 648 F.3d 959, 964 (9th Cir. 2011) (emphasis added).

### III.

### THE COURT IMPROPERLY PARTICIPATED IN PLEA DISCUSSIONS, VIOLATING FED. R. CRIM. P. 11(c)(1) AND NECESSITATING DISMISSAL.

A court can impermissibly participate in plea negotiations and violate Rule 11(c)(1) in a number of ways. For example, if a court "comments on the hypothetical agreements it would or would not accept, it crosses over the line established by Rule 11 and becomes involved in the negotiations." *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013). So too does it violate the rule where it makes a "suggestion that the parties add a particular term to the plea agreement." *Benvin v. United States Dist. Court* (*In re Benvin*), 791 F.3d 1096, 1103 (9th Cir. 2015). That is, according to the Ninth Circuit, "judicial remarks directed to future or ongoing plea negotiations 'which suggest what will satisfy the court transform the court from an impartial arbiter to a participant in the plea negotiations.'" *Kyle*, *supra*, 734 F.3d at 965-66, quoting *United States v. Kraus*, 137 F.3d 447, 455 (7th Cir. 1998). Even vague comments from the Court as to what it might require in order to accept a plea are reversible errors. *Kraus* at 455. That is because reviewing Courts are particularly sensitive to claims that the district court engaged in "the negotiation of particular terms or conditions of the plea agreement." *United States v. Thompson*, 770 F.3d 689, 695 (8th Cir. 2014). A district court must ensure that it does not indicate "that a [specific] plea would be preferred." *United States v. Hemphill*, 748 F.3d 666, 675 (5th Cir. 2014).

But most importantly for the present case, the Ninth Circuit has held that the court's imposition of "conditions on its approval of the government's proposal to dismiss forty-nine of the indictment's counts" was an impermissible participation in plea discussions. *In re Benvin*, *supra*, 791 F.3d at 1103. In *Benvin*, despite the fact that the defendant expressed his desire to proceed with a plea to only one count of the indictment, the district court intervened to condition its acceptance of such a plea on an agreement regarding restitution. *Id*. at 1100-1101. On review, the Ninth Circuit held that, "[w]hether or not these conditions were independently improper," their imposition was a violation of Rule 11(c)(1) warranting mandamus relief.

Here, the Court also directly intruded in plea negotiations by expressly conditioning its acceptance of any withdrawal of a plea on the defendant's agreement to immediately thereafter accept a new plea agreement to bid-rigging charges. Both the government and Mr. Worthing sought a withdrawal of plea, one that had been granted to many related defendants on one of the same bases advanced by Mr. Worthing. However, the Court, with the government's approval, rendered that withdrawal contingent on Mr. Worthing's promise to enter into a specified plea agreement. In so doing, the Court effectively blessed the alternative plea agreement and communicated to Mr. Worthing what pleas he should (or could) enter, conditioned on the terms the Court desired. This is not the proper function of the judiciary, and it is one barred by statute.

As a party, the government was free to engage in plea negotiations. And it is clear that the government sought each defendant's withdrawal from their pleas and entrance into new pleas. However, it was unable to obtain its desired goal without the Court's assistance because only the Court could grant withdrawal of a defendant's plea to mail fraud charges (pursuant to a motion under Fed. R. Crim. P. 11(d)(2)). The Court lent just that assistance, granting withdrawal of 22 of 23 defendants' pleas expressly because they agreed to enter into new pleas to bid-rigging charges only and to new plea agreements. The government and the Court sought the same from Mr. Worthing, and the Court has made clear it would have granted Mr. Worthing the same benefit. But when Mr. Worthing refused to accept the new plea agreement terms, the Court responded by refusing to allow him to withdraw from his plea. The Court, thus, acted in collusion with the government to bring

force to the plea negotiations, transforming them from negotiations between the parties to negotiations between the parties and the Court as well. Without the Court's participation in the negotiations, the government could not have obtained plea withdrawals and thus would not have been able to extend offers of new plea agreements.

On August 15, 2016, Judge Hamilton dismissed mail fraud charges for related defendants on the basis of the illegality of those charges. *United States v. Galloway*, 2016 U.S. Dist. LEXIS 109639 (N.D. Cal. Aug. 15, 2016). The government then filed a status memorandum in the cases before this Court, explaining its desire to dismiss mail fraud charges against those defendants in order "to achieve parity with the defendants in similarly situated cases." Doc. no. 45. However, it needed the Court's assistance to achieve that goal, and the Court subsequently permitted 22 defendants to withdraw their pleas and enter into new plea agreements. It was on March 2, 2018, when the Court denied Mr. Worthing's motion to withdraw his plea, that it made clear that any plea withdrawal was contingent on entrance into a new plea to bid-rigging charges. *See* doc. no. 100. Had the Court permitted all defendants to withdraw their pleas without making that withdrawal contingent on new plea agreements, its actions would have been proper, as it would have been granting withdrawals of pleas for a "fair and just reason" under Fed. R. Crim. P. 11(d)(2) (that reason being Judge Hamilton's dismissals of mail fraud charges for other defendants in the district). However, the Court did not permit all defendants to withdraw their pleas, but only those defendants who agreed to new plea agreements containing only bid-rigging charges. That action constituted impermissible participation in the process of plea negotiation.

"Nothing in Rule 11 authorizes a district court to withdraw a defendant's guilty plea for him." *United States v. Adame-Hernandez*, 763 F.3d 818, 826 (7th Cir. 2014). If the Court had refused to allow *any* defendants to withdraw their pleas, it may be argued that the Court did not express any preference for a specific plea agreement, but rather only ruled that there was no basis to support withdrawal of the pleas. But that is not what it did. Instead, the Court made abundantly clear to the parties that each defendant was permitted to withdraw his plea only so long as he entered into a new plea to bid-rigging charges. If a defendant did *not* agree to the terms of a new plea agreement, the

Mr. Worthing's Motion to Dismiss Information for Rule 11 Violation
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

6

defendant was not permitted to enter into any such agreement, and was instead forced to persist in an earlier plea. Whether or not this is constitutionally permissible, it is a blatant violation of Rule 11(c)(1), which bars the Court from participating in plea negotiations in any way.

## IV.
## CONCLUSION

The Court's violation of Rule 11(c)(1) has forced Mr. Worthing to persist in a plea by which he should no longer be bound. The Court's refusal to permit Mr. Worthing's withdrawal from his plea in the absence of his acceptance of a new plea agreement constitutes a statutory violation, and for that reason, as well as all of those enumerated above, Mr. Worthing respectfully requests dismissal of the information. If the Court does not order dismissal, Mr. Worthing must be permitted to withdraw from his plea, as the Court's violation of Fed. R. Crim. P. 11(c)(1) provides a "fair and just reason" for plea withdrawal. *See* Fed. R. Crim. P. 11(d)(2); *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

Dated: April 12, 2018                     Respectfully submitted,

                                               **BAY AREA CRIMINAL LAWYERS, PC**

                                               By: /s/David J. Cohen
                                               DAVID J. COHEN, ESQ.

                                               Attorneys for Defendant **Matthew Worthing**