DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW WORTHING, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:12-cr-00300-CRB <br><br> **MR. WORTHING'S MOTION TO DISMISS INFORMATION FOR JUDICIAL INTERFERENCE IN PROSECUTORIAL DISCRETION** <br><br> Date: April 26, 2018 <br> Time: 1:30 p.m. <br> Ctrm.: 6 |

**I.**

**STATEMENT OF FACTS**

On June 20, 2012, Matthew Worthing entered guilty pleas to all four counts of a four count information, all pursuant to a negotiated plea agreement. Doc. no. 9. While Mr. Worthing was awaiting sentencing, the government continued its prosecutions of similar, related defendants out of both the Northern and Eastern Districts (all of which involve like allegations of bid-rigging schemes and conduct by defendants to obtain either properties or pay-offs through private, secondary round-robin auctions). In many of those prosecutions, the government pursued charges for conspiracy to commit mail fraud, as it did against Mr. Worthing. However, on August 15, 2016, United States District Judge Hamilton of the Oakland branch for the Northern District of California ordered the mail fraud counts in the indictments of Mr. Galloway, Mr. Diaz, Mr. Gullory, and Mr. Joyce dismissed. *United States v. Galloway*, 2016 U.S. Dist. LEXIS 109639 (N.D. Cal. Aug. 15,

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

1

2016). In her order, Judge Hamilton cited the fundamental structural deficiencies in the charges and ordered that the only appropriate remedy for the government's lacking pleading was dismissal.

Following Judge Hamilton's ruling, and in recognition thereof, the government and the Court acknowledged the infirmity in its mail fraud allegations, permitted every related defendant before this Court to withdraw their guilty pleas to the mail fraud counts, dismissed every mail fraud charge, and entered into a stipulated change of plea to an information charging only bid-rigging counts. *See* 3:13-cr-00587-CRB, doc. no. 40; 3:13-cr-00246-CRB, doc. no. 43; 3:12-cr-00785-CRB, doc. no. 49; 3:11-cr-00801-CRB, doc. no. 53; 3:13-cr-00804-CRB, doc. no. 34; 3:13-cr-00805-CRB, doc. no. 37; 3:13-cr-00069-CRB, doc. no. 40; 3:12-cr-00301-CRB, doc. no. 44; 3:13-cr-00388-CRB, doc. no. 39; 3:13-cr-00670-CRB, doc. no. 37; 3:11-cr-00795-CRB, doc. no. 73; 3:11-cr-00802-CRB, doc. no. 58; 3:11-cr-00798-CRB, doc. no. 55; 3:11-cr-00798-CRB, doc. no. 55; 3:11-cr-00800-CRB, doc. no. 54; 3:11-cr-00797-CRB, doc. no. 58; 3:11-cr-00796-CRB, doc. no. 61. Likewise, the government moved to dismiss the mail fraud charges against all five hold-out defendants, all of whom have since elected to plead guilty to bid-rigging counts alone. *See* 3:14-cr-00534-CRB, doc. nos. 178, 262, 264, 271, 275, 276. This Court, as part of its agreement with the government, granted every one of these withdrawals and accepted the subsequent pleas, explaining in a hearing with Mr. Worthing its view of the scheme:

> THE COURT: And also there were some -- sort of what I'd call "rearranged pleas." The pleas to the charges, such as Mr. Worthing entered a plea, were withdrawn by the defendant; and a new plea of guilty was to different charges entered by that particular defendant. So that's the picture that I understand happened.
>
> Now, I further understand that those, quote, "rearranged pleas," if we can call it that --
>
> MR. MAST: Sure.
>
> THE COURT: -- were basically -- were for the convenience or to the benefit of the defendants; that is, it didn't enhance the potential sentence. What it did was it relieved them from the charge of fraud, and put it in a different context: A charge of bid rigging, whatever it was.
>
> MR. MAST: That's correct, Your Honor. Every defendant who re-entered a plea pled to bid ringing only. The Offense Level for every defendant either stayed the same or was lowered, in terms of the Guidelines.
>
> THE COURT: Okay. So it was all to their benefit.

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

2

Doc. no. 57 (12/8/17 TX, 3:1-19).

The government and the Court extended this same offer to Mr. Worthing, proposing a stipulated withdrawal of plea, voluntary dismissal of the mail fraud charges, and a new plea to only bid-rigging charges. *Ibid*. In its motion to vacate a status hearing and schedule a guilty plea hearing in this case, the government explained it "no longer intends to pursue mail-fraud charges" in order "to achieve parity with the defendants in similarly situated cases." Doc. no. 45.

Mr. Worthing rejected the government's proposed course of action, involving as it did an unnecessary, new plea as consideration for the government's agreement to withdrawal from the original plea. Mr. Worthing instead moved to withdraw his plea on a number of legal bases. Doc. no. 61. The Court denied Mr. Worthing's motion, effectively holding that it would only recognize the illegality of the information and permit withdrawal if Mr. Worthing agreed to the government's proposed substitute plea in exchange therefor. Doc. no. 100.

Mr. Worthing now brings the present motion to dismiss the information for judicial interference in an act of prosecutorial discretion. Mr. Worthing moves for dismissal on the basis of the Court's conduct, which violated the constitutional doctrine of the separation of powers.[1]

## II.

### BY INTERFERING WITH PROSECUTORIAL DISCRETION REGARDING PLEA NEGOTIATIONS, THE COURT VIOLATED THE SEPARATION OF POWERS.

As argued in Mr. Worthing's companion motion, the Court's participation in plea negotiations in this case violated Fed. R. Crim. P. 11(c)(1), and on that basis alone, provide sufficient cause for dismissal. But the Court's error was even more profound than that, interfering with the role of the executive branch by influencing the charges Mr. Worthing would face. "The procedures contemplated by Rule 11 guard against an intrusion of this nature into the separate powers of the executive branch." *Ellis v. United States Dist. Court* (*In re Ellis*), 356 F.3d 1198, 1209 (9th Cir. 2004). "Courts generally have no place interfering with a prosecutor's discretion regarding whom

---

[1] In a separately and simultaneously filed motion, Mr. Worthing also moves for dismissal on the basis of the Court's interference in plea negotiations, arguing this conduct amounted to a statutory violation of Rule 11(c)(1).

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

3

to prosecute, what charges to file, and whether to engage in plea negotiations." *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000).

> Under the doctrine of separation of powers, a court generally lacks the power to tell a prosecutor what charges to bring, *In re Ellis*, 356 F.3d 1198, 1209-10 (9th Cir. 2004), or to interfere "with a prosecutor's discretion regarding . . . whether to engage in plea negotiations," *United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976 (9th Cir. 2000) (en banc).

*United States v. Garcia*, 670 F. App'x 501, 502-03 (9th Cir. 2016). The Ninth Circuit has explained the basic principle in the context of charge bargains:

> Second, we noted that separation of power principles require the judiciary and executive to remain independent. Because deciding which charges to bring is a matter of prosecutorial discretion and because categorical limitations on charge bargains "may force prosecutors to bring charges they ordinarily would not, or to maintain charges they would ordinarily dismiss," such limitations impermissibly intrude upon the executive's exclusive domain.

*Morgan v. United States Dist. Court* (*In re Morgan*), 506 F.3d 705, 710 (9th Cir. 2007) (citations omitted).

The Court here effectively gave Mr. Worthing a choice: persist in his plea, or agree to a new one specified by the government and the Court. For the other, related defendants who chose the latter option, the Court recognized the illegality of their plea and permitted withdrawal. But for Mr. Worthing, the Court refused to recognize the same legal issue in his information unless and until Mr. Worthing agreed to a substitute plea to two charges of bid-rigging. Thus, the Court dictated that Mr. Worthing would be prosecuted for two counts of bid-rigging and two counts of mail fraud, unless he elected to enter into a new plea agreement (in which case, and only in which case, he would be prosecuted for two counts of bid-rigging alone). The Court took upon itself the role of the executive, dictating which charges were available for prosecution (two counts of bid-rigging alone if Mr. Worthing accepted, or two counts of mail fraud if he did not).

Importantly, the government responded to Judge Hamilton's ruling by seeking to obtain new, bid-rigging-only plea agreements from the 23 defendants who had pled guilty (and moving under Rule 48 to dismiss the mail fraud charges against the five defendants who had not pled guilty). But once Mr. Worthing pled guilty to the original information, as he did years ago, the government had

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

4

no means by which it could execute the executive function it sought. That is, the government could not, of its own accord, engineer a new plea to two counts of bid-rigging. It needed the Court to do that by granting withdrawal contingent on a new plea that lacked mail fraud charges. The Court acquiesced, performing a clear executive function by granting withdrawal for the express purpose of facilitating prosecution on different charges. The Court acted as a prosecutor, stepping into plea negotiations and executing a prosecutorial scheme with the government's blessing.

Had the Court permitted all defendants to withdraw their pleas without making that withdrawal contingent on new plea agreements, its actions would have been proper, as it would have been granting withdrawals of pleas for a "fair and just reason" under Fed. R. Crim. P. 11(d)(2) (that reason being Judge Hamilton's dismissals of mail fraud charges for other defendants in the district). However, the Court did not permit all defendants to withdraw their pleas, but only those defendants who agreed to new plea agreements containing only bid-rigging charges. By engaging in its conduct, the Court forced Mr. Worthing to proceed on charges of the Court's election, "disregard[ing] the traditional requirement of separation of powers." *Ellis*, *supra*, 356 F.3d at 1209.

It is fundamental that "the prosecutor, not the district court, has authority to determine what charges to bring. *Id*. (a judge has 'no constitutional role' in deciding 'which charges to pursue')." *Garcia-Aguilar v. United States Dist. Court*, 535 F.3d 1021, 1025 (9th Cir. 2008), quoting *Vasquez-Ramirez v. United States Dist. Court* (*In re Vasquez-Ramirez*), 443 F.3d 692, 697-98 (9th Cir. 2006). Thus, even if a prosecutor has second thoughts about a plea, it "has no power to force the defendant to go through the ordeal [of pleading] again to serve its own purposes," nor can the Court step outside its judiciary role to engineer a means by which the same can be achieved. *Id*. at 1025. In *Garcia-Aguilar*, the government's mechanism by which it sought to have a defendant's plea withdrawn and new plea entered was improper, and the Court's participation in (by enabling) the scheme doubly so. So too here, where the Court has attempted to rule, pursuant to the government's wishes, both that *other defendants'* pleas should be withdrawn and that *Mr. Worthing's* plea should not be withdrawn unless he agrees to plead to specified new charges.

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

5

None of this analysis is changed by the fact that Mr. Worthing has already entered into a plea agreement. For one, the Court interfered not with the original charges brought against (or pled guilty to by) Mr. Worthing, but with the decision to dismiss charges and negotiate a new plea agreement. But it is also the case that Circuit Courts have recognized that, even in the absence of a direct violation of Rule 11(c)(1), which prohibits courts from participating in plea negotiations, similar conduct from a district court can still be cause for concern:

> Arguably, under these authorities, the district court's comments at the status conference would not run afoul of Rule 11(e). We are nonetheless troubled by a district court's participation in sentencing discussions in which a criminal defendant offers to waive a legal argument in return for consideration in sentencing. . . .
> It is the discretion to impose either a lenient or lengthy sentence that lies at the heart of the coercive potential inherent when a judge participates in plea negotiations. *See* 982 F.2d at 195. In our view, this rationale applies with equal force whether the judge is negotiating an agreement to plead guilty or an agreement to waive objections to the presentence report in return for consideration at sentencing.

*United States v. Markin*, 263 F.3d 491, 497-98 (6th Cir. 2001); *see also United States v. Gonzalez-Melchor*, 648 F.3d 959, 965 (9th Cir. 2011) ["This unusual and potentially coercive situation—a waiver of appellate rights negotiated by the district court during sentencing—implicates the same concerns Rule 11(c)(1) seeks to remedy."]; *Ellis v. United States Dist. Court* (*In re Ellis*), 356 F.3d 1198, 1209 (9th Cir. 2004) ["While the district court did not violate Rule 11's proscription against participating in plea negotiations, it effectively and improperly inserted itself into the charging decision by vacating Ellis's plea and reinstating the first degree murder indictment."].

### III.
### CONCLUSION

The Court's role is its own, as is the prosecutor's. By improperly influencing the charges which Mr. Worthing could face, the Court intruded upon the role of the executive branch, violating the separation of powers. Rather than grant Mr. Worthing's withdrawal from his plea, or even simply permit the parties to negotiate any plea agreement free from judicial intervention, the Court stepped in to instruct the parties as to the appropriate charges (and then conditioned its finding of appropriateness on the defendant's acceptance of a new plea). The result was a constitutional violation, and dismissal must follow. For that reason, as well as all those above, Mr. Worthing

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

6

respectfully requests dismissal of the information. If the Court does not order dismissal, Mr. Worthing must be permitted to withdraw from his plea, as the Court's constitutional error provides a "fair and just reason" for plea withdrawal. *See* Fed. R. Crim. P. 11(d)(2); *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

Dated: April 12, 2018                              Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

By: /s/David J. Cohen
DAVID J. COHEN, ESQ.

Attorneys for Defendant **Matthew Worthing**

Mr. Worthing's Motion to Dismiss Information for Judicial Interference in Prosecutorial Discretion
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

7