ANDREW J. MAST (CSBN 284070)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Andrew.Mast@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MATTHEW WORTHING,<br><br>Defendant. | No. CR 12-00300 CRB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF CLIENT FILE**<br><br>Hearing Date: April 26, 2018<br>Time: 1:30 p.m.<br>Courtroom 6 |

Defendant Matthew Worthing seeks to compel the production of a portion of his former counsel's client file containing unspecified discovery. Dkt. 107. Worthing's former counsel has not provided that portion of the client file because doing so is inconsistent with the term of joint defense agreement he previously entered with a co-defendant of Worthing. *See* Decl. of John L. Williams. The government does not appear to be a party to this dispute, and it takes no position concerning the merits of the motion. But if materials are disclosed to Worthing (by court order or otherwise), that disclosure should not delay Worthing's sentencing, which the government anticipates will be scheduled at the status hearing on April 26, 2018.

//

//

The government is skeptical that the materials Worthing seeks are relevant to his sentencing. The materials appear to be a subset of discovery materials that the government provided to Worthing's co-defendant that do not have bearing on Worthing's sentencing. Worthing previously filed multiple motions to compel the production of voluminous discovery from the government. *See* Dkt. 74, 97 and 108. The Court denied these motions. Dkt. 81, 101 and 111. The government has already provided Worthing with the materials it submitted to Probation in connection to with Worthing's sentencing. Accordingly, because the materials Worthing seeks are not relevant to his sentencing, even if they are disclosed, they should not provide a basis to delay his sentencing hearing.

Additionally, Worthing has not diligently pursued these materials. Worthing substituted counsel on October 6, 2017. On February 21, 2018, he filed *ex parte* and under seal, a motion to compel disclosure of his client file, which the Court denied for failing to comply with the Local Rules. *See* Dkt. 87 and 89. Worthing filed the same motion again on February 22, which the Court, again, denied for failing to comply with the Local Rules. *See* Dkt. 94 and 95. Worthing waited nearly a month and a half to file the instant motion. Accordingly, should he obtain additional materials, the disclosure would not provide a basis to delay sentencing.

DATED: April 19, 2018                               Respectfully submitted,

                                                    /s/
                                                    ANDREW J. MAST
                                                    U.S. Department of Justice
                                                    Antitrust Division