DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 30676
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone:  (415) 398-3900

Attorneys for Defendant **Matthew Worthing**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>  Plaintiff, </br></br> v. </br></br> MATTHEW WORTHING, </br></br>  Defendant. | Case No. 3:12-cr-00300-CRB </br></br> **MR. WORTHING'S REPLY TO RESPONSE TO MOTION TO COMPEL DISCLOSURE OF CLIENT FILE** </br></br> Date:  April 26, 2018 </br> Time:  1:30 p.m. </br> Ctrm.:  6 |

**I.**

**THE EXISTENCE OF ANY JOINT DEFENSE AGREEMENT DOES NOT BAR THE DISCLOSURE OF MR. WORTHING'S FILE.**

On February 19, 2018, Mr. Williams submitted a response to Mr. Worthing's motion to compel disclosure of his client file.[1] Doc. no. 116. Mr. Williams takes no position as to the merits of Mr. Worthing's motion, but acknowledges his obligation "to provide successor counsel with a complete file." Id. at 2:4. Mr. Williams' concern regards an apparent oral joint defense agreement between Mr. Williams and co-defense counsel. Mr. Williams describes the conflict the existence of such an agreement creates an issue of first impression, and indeed, Mr. Worthing has been unable

---

[1] The government filed its own response to the motion in which it conceded that it is not a party to the dispute. Doc. no. 113 at 1:23. Although it contends that the disclosure of any materials should not delay sentencing, its arguments are premature, as no materials have yet been disclosed and no party has yet sought any continuance of sentencing.

Mr. Worthing's Reply to Response to Motion to Compel Disclosure of Client File
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

1

to locate any case law directly on point (as disputes regarding joint defense agreements generally involve the disclosure to a third party of privileged information obtained during joint strategy sessions). However, Mr. Williams has now repeatedly declined to turn over the entirety of Mr. Worthing's client file since it was first requested in September of 2017. In the seven months that have passed since, the requests of Mr. Worthing's current counsel for full disclosure of Mr. Worthing's file have been unsuccessful, raising the potential necessity of intervention by the California State Bar. The parties turn to the Court in the hopes that this issue can be resolved once and for all.

As an initial matter, Mr. Williams offers no rebuttal to his fundamental duty to turn over the entirety of his client's file upon the termination of his representation. *See Schmidt v. Kimberly-Clark Corp.*, No. 09-C-0643, 2013 U.S. Dist. LEXIS 34657, at *7 (E.D. Wis. Mar. 13, 2013), citing Restatement (Third) of Law Governing Lawyers § 46(2) (2000) [Under the majority rule put forth by the Restatement of Law Governing Lawyers and recognized in most jurisdictions, "upon termination of the attorney-client relationship, the client is presumed to be entitled to full access to the attorney's file on a matter where the attorney represented the client."]; Cal. Rules of Prof. Conduct 3-700(D)(1) [requires an attorney release to a client upon termination "all the client papers"]; *In re Haynes*, No. C 10-4642 PJH, 2013 U.S. Dist. LEXIS 40649, at *119 (N.D. Cal. Mar. 22, 2013) [holding that counsel's failure to promptly release client file was violation of ethical duty]. Nowhere in the descriptions of Mr. Williams' ethical obligation does any Court read an exception grounded in joint defense privileges. Nor do Courts permit a terminated attorney to determine what materials are "relevant to [his client's] defense," as Mr. Williams describes (doc. no. 116, p. 3, ¶4), and turn over only those materials that the terminated attorney believes fit that description. Rather, it is "full access" that is required to be given, with relevance to be determined by existing counsel.

It is unclear whether Mr. Williams has met his burden of establishing the existence of an actual joint defense agreement. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) [party asserting the attorney-client privilege has the burden of establishing the existence of the relationship and the privileged nature of the communication]. However, the existence or nonexistence of a joint

Mr. Worthing's Reply to Response to Motion to Compel Disclosure of Client File
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

2

1  defense agreement should have no bearing on the present issue. As one Court has explained, "[e]ach
2  defendant [whose attorney is involved a joint defense strategy session] retains his own attorney, and
3  the duty of loyalty only extends from each attorney to the defendant which he represents." *Beras v.*
4  *United States*, 2007 U.S. Dist. LEXIS 5273, at *5 (S.D.N.Y. Jan. 24, 2007); *see also United States*
5  *v. Stepney*, 246 F. Supp. 2d 1069, 1082-83 (N.D. Cal. 2003) [joint defense agreement does not create
6  a duty of loyalty to co-defendant][2].

7  Certainly, Mr. Williams' duty of loyalty continues to extend to Mr. Worthing, and any co-
8  counsel who engaged Mr. Williams in a joint defense strategy session has no ability to prevent Mr.
9  Williams from communicating that strategy to his client. Perhaps most importantly, Mr. Worthing
10 does not seek the work product of any attorney, but only materials provided by the government and
11 already disclosed to Mr. Williams. Thus, the present issue does not involve issues of work product
12 or other like privileges, but only the question of whether the discovery that Mr. Williams has
13 obtained can (and should) be lawfully turned over to his client. The Court should order he do so.

## II.

## CONCLUSION

Although Mr. Williams seeks guidance from the Court as to the correct way to navigate what he perceives as a conflict of interest between his duty of loyalty to his client and his duty to uphold a prior oral joint defense agreement, no such conflict exists. Mr. Williams has no duty to destroy or withhold government discovery obtained from a co-defendant; even if he did, such a duty would be overridden by Mr. Williams' more fundamental duty of loyalty to his client. Mr. Worthing thus respectfully requests this Court order Mr. Williams disclose to Mr. Worthing the entirety of Mr. Worthing's client file.

---

[1] Notably, the *Stepney* Court also wrote that "courts have also consistently ruled that where an attorney represents a client whose interests diverge from a party with whom the attorney has previously participated in a joint defense agreement, no conflict of interest arises unless the attorney actually obtained relevant confidential information." *Stepney*, *supra*, at 1080. The present matter involves no "relevant confidential information," because it deals only with information that is already in the government's possession (and which was originally provided by the government). Thus, no conflict of interest arises.

Mr. Worthing's Reply to Response to Motion to Compel Disclosure of Client File
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

3

Dated: April 23, 2018  Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

By: /s/David J. Cohen
DAVID J. COHEN, ESQ.

Attorneys for Defendant **Matthew Worthing**

Mr. Worthing's Reply to Response to Motion to Compel Disclosure of Client File
*U.S. v. Worthing*;
Case No. 3:12-cr-00300-CRB

4