AVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant-Appellant **Matthew Worthing**

UNITED STATE COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | C.A. No. 18-10226 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00300-CRB-1 (District Court for Northern District of California) |
| v. | |
| MATTHEW WORTHING, | **MR. WORTHING'S MOTION UNDER CIRCUIT RULE 9-1.2 FOR BAIL PENDING APPEAL AND REMAND TO THE DISTRICT COURT PURSUANT TO *UNITED STATES V. WHEELER*, 795 F.2D 839 (9TH CIR. 1986)** |
| Defendant-Appellant. | |

MATTHEW WORTHING, Defendant-Appellant herein, by and through his retained counsel, moves this Court, pursuant to Federal Rules of Appellate Procedure 9 and 27 and Ninth Circuit Rules 9-1.2 and 27-1, for bail pending his appeal and for a limited remand to the district court pursuant to *United States v. Wheeler*, 795 F.2d 839 (9th Cir. 1986). Pursuant to Circuit Rule 27-8.1, Mr. Worthing states that the present motion for bail or stay of sentence pending appeal was previously made in, and denied by, the district court. Mr. Worthing's sentence of imprisonment has not yet begun, but he is scheduled to surrender to the custody of the Bureau of Prisons on or before September 17, 2018. Mr. Worthing's counsel has contacted government counsel to determine the government's position in regards to this motion. The government opposes the motion.

## I.

### INTRODUCTION

In January of 2011, Matthew Worthing was originally contacted by law enforcement regarding his suspected involvement in a widespread and then-ongoing series of arrangements between local businessmen in relation to foreclosure auctions for properties in San Mateo and San Francisco Counties. Nearly two and a half years later, following proffers and plea negotiations with the government, Mr. Worthing plead guilty to an information charging him with conspiracies to commit bid-rigging and mail fraud. Thereafter, the government

1

spent the next five years pursuing prosecutions of dozens of other defendants in the Northern District of California, including 23 other defendants in the district court below and nearly 50 defendants in the Oakland branch of the district court. Many of those defendants entered into similar plea agreements, and a handful were convicted at trial (one defendant was acquitted).

In 2017, Mr. Worthing, not having been sentenced, retained new counsel and, on the advice thereof, moved to withdraw his plea on a number of bases, many of which he will now be raising as claims in his appeal. This did not sit well with the district court which, from this point forward in the proceedings, routinely dismissed out of hand Mr. Worthing's motions and claims, derided defense counsel's representation, and reneged on its own assurances. First, the district court, which had permitted many of the defendants before it to withdraw their pleas in order to enter new guilty pleas to more legally sound charges, denied Mr. Worthing's motion to withdraw his own plea. It ruled (for the first time in any decision that Mr. Worthing has identified) that its failure to include Mr. Worthing's appellate waiver in its plea colloquy was insufficient to support a withdrawal motion and refused to reach the merits of many of Mr. Worthing's contentions, instead describing them as "neither here nor there" because it

contended they could not present a fair and just reason for the withdrawal of a plea. Doc. no. 100. [1]

Meanwhile, Mr. Worthing continued to seek discovery for purposes of sentencing, as well as the production of his own client file from his prior attorney, who refused to turn portions of it over to new counsel. The district court plainly took issue with these efforts to bolster Mr. Worthing's defense and denied many of the motions without hearing and before receiving any response from the government. When Mr. Worthing filed a motion to compel the production of his file from his prior attorney, the court claimed that no legal mechanism existed whereby it could order the production to Mr. Worthing of his client file. Doc. no. 119. When Mr. Worthing sought discovery to prepare for sentencing, it described his desired remedy for a lack of knowledge of the facts of the conspiracy as "a Constitutional convention, not additional discovery," explaining that the Court would be able to conduct an analysis of the facts "with assistance from the government" (and thus Mr. Worthing need not have access to the information he sought). Doc. no. 101. When Mr. Worthing moved to dismiss the information against him for newly raised violations of Rule 11 and the separation of powers, the court dismissed the motion the day after it was filed in a short written order that

---

[1] All citations to legal filings refer to the ECF docket number of the filing below, unless otherwise specified.

construed his motions as requests for reconsideration of his motion to withdraw his plea. Doc. no. 111.

The district court ultimately sentenced eleven defendants to probationary terms, but sentenced Mr. Worthing to 30 days in prison, a sentence exceeding that imposed on all but a handful of the most culpable defendants. This it did despite the fact that Mr. Worthing was also only involved in the alleged bid-rigging scheme for a relatively brief period of time, participating in only a handful of transactions and accumulating a comparatively small volume of commerce.

When Mr. Worthing moved for bail pending appeal in the district court, the court denied his motion with a one-line explanation that Mr. Worthing "is not likely to succeed on the merits," citing to four of its earlier orders. Doc. no. 152. When Mr. Worthing noted the legal insufficiency of the court's order (including its reference to an inapposite legal standard) and requested clarification, the court raised only its smallest finger to declare that Mr. Worthing's "appeal does not raise a substantial question of law or fact" and cited to the same four prior orders. Doc. no. 155. The district court's succinct dismissal of Mr. Worthing's claims is perhaps unsurprising; the one-line denials fit the trend of the court's overall treatment of all of Mr. Worthing's contentions as well as the court's pronouncement at sentencing that "I am not inclined to grant a stay from this court. . . . I've sort of looked at all the factors." Doc. no. 133. But it is also a legally insufficient denial of Mr.

Worthing's bail motion, failing as it does to put forth an adequate explanation of the legal determinations it made in order to deny the motion. For this reason alone, a limited remand must be made to the district court in order to provide it another opportunity to state its reasons for denying Mr. Worthing's motion, and thus give this Court a reasoned order to review.

The district court's treatment of Mr. Worthing's motion for bail pending appeal, just like its treatment of all of the motions Mr. Worthing filed below and all of the arguments Mr. Worthing raised on his behalf, does more than reveal the court's attitude toward the claims presented by the defense. It indicates that the district court never satisfactorily considered Mr. Worthing's arguments, arguments that now form the basis of his appeal. It did not provide thoughtful, reasoned refutations of Mr. Worthing's claims; instead, it acted as if those claims were frivolous and repeatedly dismissed them out of hand without an opportunity for oral argument. The result of the district court's handling of this case is that the claims Mr. Worthing presents on appeal *have never been properly addressed*. These claims are significant and involve complicated areas of the law. Some rely on established precedents that plainly support Mr. Worthing's positions, while others forge new territory in unsettled or unaddressed areas of the law. The district court did not carefully consider these issues, and did not appear to consider some of them in any capacity at all. Thus, it is this Court that will have the very first real

opportunity to address the claims Mr. Worthing respectfully raises. The review of Mr. Worthing's bail motion afforded to him by law is indeed de novo in the truest sense, because this Court's review of Mr. Worthing's claims will be the first to occur. The district court's plainly insufficient order denying bail pending appeal, as it stands now, provides *no* findings, factual or legal, for this Court to examine.

Yet if Mr. Worthing is not granted bail while his appeal resolves, his claims will never be meaningfully addressed. Instead, Mr. Worthing will inevitably serve his entire 30-day sentence of incarceration while his appeal is pending before this Court. He will in effect have been denied from ever raising these serious claims, because the first Court to legitimately consider them will be doing so after his sentence is already served. Mr. Worthing originally entered a guilty plea in this matter in 2012. After five years of government delay, it is abundantly clear that Mr. Worthing is not filing the present bail motion in an attempt to delay his 30-day sentence for a few more trivial months. He did not originally raise these claims in motions below in order to delay future proceedings, and he did not repeatedly announce his intention to seek bail pending appeal in order to secure a brief delay in his short sentence of incarceration. Rather, Mr. Worthing brings this motion before this Court because if he does not, the district court will have succeeded in rendering Mr. Worthing's legal arguments essentially unheard.

Mr. Worthing begs this Court only for the attention to his claims that was not provided below, and for his sentence to not be served in its entirety while he dutifully awaits this Court's consideration. If this Court ultimately denies Mr. Worthing's appeal, the government will obtain their 30-day sentence and no prejudice will have been rendered by an insignificant further delay in the sentence. But if this Court grants Mr. Worthing's appeal, it will have been an injustice if Mr. Worthing's 30-day sentence is already served at the time of that order. Mr. Worthing will have been egregiously, and irreparably, prejudiced.

## II.

## STATEMENT OF FACTS

On June 20, 2012, pursuant to a negotiated plea agreement, Mr. Worthing pled guilty to a four count information. Doc. no. 9. On May 25, 2018, Mr. Worthing was sentenced to 30 days imprisonment. Doc. no. 132. He is ordered to surrender to the Bureau of Prisons by September 17, 2018.

On July 18, 2018, Mr. Worthing  moved in the district court for bail pending appeal. Doc. no. 151. The following day, the court denied the motion in a brief order without explanation.[2] Doc. no. 152. At Mr. Worthing's request, the district court clarified its order but failed to cure the inadequacies of the prior denial. Doc. no. 155.

---

[2] Because no hearing was held on Mr. Worthing's motion, there is no transcript of proceedings to produce pursuant to Circuit Rule 9-1.2(a).

Mr. Worthing, who is neither a flight risk nor a danger to the community and whose appeal involves substantial questions of law and fact, now moves for bail pending appeal pursuant to 18 U.S.C. §3143. The claims he will raise on appeal are numerous, and include a number of which were previously presented to the district court by way of litigation that occurred prior to sentencing. One additional significant claim has arisen since his May 25, 2018 sentencing: the sentencing disparity the district court has created in its fashioning of subsequent sentences following Mr. Worthing's sentencing.

Although Mr. Worthing's plea agreement included an appellate waiver, many of the claims he enumerates below remain appealable notwithstanding any waiver. Importantly, however, Mr. Worthing's appellate waiver is entirely unenforceable due to the court's failure to address it in his plea colloquy. As a consequence, all of Mr. Worthing's issues are appealable, and as he argues, each presents a substantial question of law or fact supporting bail pending appeal.

Because the district court plainly failed to provide an adequate explanation for its denial of Mr. Worthing's motion for bail pending appeal below, Mr. Worthing requests a limited remand to the district court so that it may state its reasons for denial. Only then will this Court have a reasoned order to review, and only then will Mr. Worthing be able to address the district court's proffered justification for its denial before this Court.

## III.

## CLAIMS RAISED IN MR. WORTHING'S MOTION FOR BAIL PENDING APPEAL BELOW, AND WHICH HE INTENDS TO RAISE ON APPEAL

In Mr. Worthing's motion for bail pending appeal (doc. no. 151), he raised

seven claims which involve fairly debatable issues of law:

- The district court failed to provide during Mr. Worthing's plea colloquy a number of the advisements required by Rule 11(b)(1), including the appellate waiver in the plea agreement. *See also* doc. nos. 61, 92.

- The mail fraud charges were inadequately pled. *See also* doc. nos. 61, 92.

- The conspiracy allegations were not pled with sufficient specificity and were improperly multiplicitous. *See also* doc. nos. 61, 92.

- The district court improperly denied Mr. Worthing's motion to withdraw his plea (after granting the withdrawal of all related defendants' pleas). *See also* doc. nos. 61, 92.

- The district court denied Mr. Worthing's motions to compel discovery and the production of his own client file. *See also* doc. nos. 74, 77, 97, 107, 108, 114, 117, 118, 128.

- The district court violated Rule 11's protection against judicial participation in plea negotiations and the Constitution's separation-of-powers prohibition on judicial interference in prosecutorial discretion by conditioning its acceptance of a plea withdrawal on Mr. Worthing's re-entry into a new, specified plea. *See also* doc. nos. 109, 110.

- The district court failed to adequately consider sentencing disparity. *See also* doc. nos. 114, 118, 128.

Apart from the issue of sentencing disparity, all of these issues were the

subjects of written motions made at various times before the district court. All of

these issues now also form the basis for Mr. Worthing's appeal, and involve substantial questions of law.

## IV.

### THE DISTRICT COURT'S ORDER DENYING BAIL PROVIDED ONLY A CONCLUSORY STATEMENT OF LAW WITH NO EXPLANATION OF ITS REASONS FOR DENIAL, AND REMAND IS THUS REQUIRED PURSUANT TO FED. R. APP. P. 9(b) *WHEELER*.

Mr. Worthing first moved for bail pending appeal on July 18, 2018. In that motion, he cited to each of the seven issues listed above, arguing they raised at least debatable legal claims deserving of review. The district court's order denying Mr. Worthing's motion merely cites to its prior orders, in which the court had denied the motions Mr. Worthing had brought during pre-sentencing proceedings. However, a citation to these prior orders does not satisfy *Wheeler*, particularly as these orders fail entirely to address three of Mr. Worthing's claims: (1) the claim of sentencing disparity; (2) the claim of Rule 11 and separation-of-powers violations; and (3) the claim that the court improperly denied Mr. Worthing's motion to compel the production of his client file.

### A.    The District Court's Denials

Mr. Worthing moved for bail pending appeal on July 18, 2018. The very next day, without allowing for a response for the government or an oral hearing on the motion, the district court denied Mr. Worthing's motion. In that denial, the court stated simply that "The motion for stay pending appeal is denied. Defendant

10

is not likely to succeed on the merits." Doc. no. 152. It cited to four of its prior orders, doc. nos. 100, 101, 111, and 119.

The following Monday, Mr. Worthing moved the court for clarification of its order, noting that the order made reference only to his request for a stay and cited to the incorrect legal standard for bail pending appeal. Doc. no. 153. Mr. Worthing specifically argued that the district court's order failed to state its reasons with the specificity required by Fed. R. App. P. 9(b) or *United States v. Wheeler*, 795 F.2d 839 (9th Cir. 1986); he provided a proposed order for the court whereby it could clarify its ruling, including a space for the court to offer its reasons for so ruling. The court filled the space with only the following statement:

> The appeal does not raise a substantial question of law or fact. See 18 U.S.C. § 3143(b)(1); dkts. 100, 101, 111, 119, 152.

Doc. no. 155.[3] Although the court's revised order accurately referred to the correct legal standard and added citations to the statute governing bail and its own prior order denying bail, it still offered no explanation for the denial.

## B. The Court Was Required to Provide Reasons Explaining its Denial.

The district court's recitation of the legal standard applicable to bail pending appeal and citation to its own prior orders plainly fails to satisfy the requirements

---

[3] Each document cited by the district court is a prior order denying Mr. Worthing's earlier motions, often with conclusory statements that the claims are not meritorious.

of §3143(b), Fed. R. App. P. 9(b), or the mandates this Court issued in *Wheeler*. As

*Wheeler* explains:

> Rule 9(b)'s writing requirement "performs a vital mission," *United States v. Jackson*, 135 U.S. App. D.C. 207, 417 F.2d 1154, 1156 (D.C. Cir. 1969), both for litigants on appeal and for appellate courts. Only if provided with reasons for the district court's decision can an appellant intelligently renew a bail motion in the court of appeals. *Id.* Without specific findings, we cannot effectively and efficiently review a bail motion decision. *See United States v. Affleck*, 765 F.2d 944, 954 (10th Cir. 1985); *United States v. Stanley*, 152 U.S. App. D.C. 170, 469 F.2d 576, 584 (D.C. Cir. 1972) ("Without elucidation of the basis for the judge's action, we cannot fairly evaluate the merits of either the application or the judge's decision thereon.").

> Moreover, **a district court's reasons for its decision must be adequately explained; conclusory statements are insufficient**. *See Stanley*, 469 F.2d at 585 (judge must fairly explain ruling so that it may be intelligently reviewed); *Fields*, 466 F.2d at 121 (**reasons must be stated with particularity**); *United States v. Thompson*, 147 U.S. App. D.C. 1, 452 F.2d 1333, 1336 n. 7 (D.C. Cir. 1971) ("**A mere parroting of the provisions of the applicable statute is not an adequate substitute for a full statement of reasons**."), *cert. denied*, 405 U.S. 998, 92 S. Ct. 1251, 31 L. Ed. 2d 467 (1972); *United States v. Manarite*, 430 F.2d 656, 657 (2d Cir. 1970) (extensive colloquy without a concluding statement of reasons for decision insufficient).

> If a district court fails to comply with Rule 9(b), we will remand for the proper written findings, *United States v. Wong-Alvarez*, 779 F.2d 583, 585 (11th Cir. 1985); *United States v. Bishop*, 537 F.2d 1184, 1185-86 (4th Cir. 1976), *cert. denied*, 429 U.S. 1093, 51 L. Ed. 2d 539, 97 S. Ct. 1105 (1976); *United States v. Briggs*, 472 F.2d 1229, 1230 (5th Cir. 1973); *Jackson*, 417 F.2d at 1156-57, unless we are satisfied that we should grant bail in accordance with Fed. R. App. P. 9(b) (appellate court may order release of appellant pending appeal "upon such papers, affidavits, and portions of the record as the parties shall present").

*Wheeler*, *supra*, 795 F.2d at 841 [emphasis added]. Thus, *Wheeler* is clear that a district court must do more than merely provide a conclusory statement that an appellant's claims are non-meritorious, and cannot simply recite the statutory standard for a bail motion as the reason for its denial. Rather, the court is required to "adequately explain" its order with "particularity" and provide the appellate court a clear record to review. Where a district court fails to provide any reasoned legal analysis, a reviewing court has no means of assessing the strengths of that analysis.

Mr. Worthing has identified no fewer than six instances of this Court, following *Wheeler*, remanding matters to the district court in a memorandum disposition "for the limited purpose of enabling that court to state, orally or in writing, the reasons for its order denying appellant's motion for bail pending appeal." *See United States v. Valadez-Munoz*, No. 18-50275, 2018 U.S. App. LEXIS 24938 (9th Cir. Aug. 31, 2018); *United States v. Rodriguez*, No. 16-50213, 2018 U.S. App. LEXIS 17699 (9th Cir. June 27, 2018); *United States v. Durnell*, No. 18-50116, 2018 U.S. App. LEXIS 11787 (9th Cir. May 4, 2018); *United States v. Ashraf*, No. 18-50071, 2018 U.S. App. LEXIS 6870 (9th Cir. Mar. 19, 2018); *United States v. Clyne*, No. 17-30157, 2017 U.S. App. LEXIS 20721 (9th Cir. Oct.

12, 2017); *United States v. Bennett*, 444 F.2d 535 (9th Cir. 1971).[4] The Supreme Court has likewise remanded a matter following the lower courts' failures to comply with Fed. R. App. P. 9(b)'s written reasons requirement. *Febre v. United States*, 396 U.S. 1225, 90 S. Ct. 19 (1969).

**C.**   **The District Court Failed to *Adequately* Address Any of the Arguments Presented in Mr. Worthing's Bail Motion, and Failed *Entirely* to Respond to Three of Mr. Worthing's Claims.**

Despite the clear precedent requiring a reasoned order, the district court here refused Mr. Worthing's request to provide reasons for its denial. Instead, it cited to the statute, the legal standard, and its own prior orders in which it denied some of Mr. Worthing's claims that were raised previously (doc. nos. 100, 101, 111, and 119). This is insufficient. Naturally, none of the court's prior orders speak to the question of whether Mr. Worthing's claims raised substantial questions of law or fact; they merely denied Mr. Worthing's claims on their merits. Indeed, the district court had earlier recognized that Mr. Worthing's claim regarding his appellate waiver "may have merit." 3/20/18 TX, 5:11 (doc. no. 105). Mere citation to prior denials cannot satisfy Rule 9(b)'s demand for a written explanation of reasons.

But even if a district court *could* satisfy Rule 9(b) by merely citing to its own prior orders, such an explanation could only possibly be sufficient where the

---

[4] In *Durnell*, the Ninth Circuit also specified that the defendant would remain on bail pursuant to Circuit Rule 9-1.2(e).

district court's prior orders actually spoke to the issues raised in the defendant's motion for bail. Here, however, that could not have occurred.

At least one of Mr. Worthing's claims, that the district court failed to consider sentencing disparity under 18 U.S.C. 3553(a), was never brought before the district court because it could *not* have been brought before the district court (as it only existed once sentencing occurred and judgment was entered). Thus, this issue was not addressed by the prior orders referenced in the district court's order denying bail pending appeal.

So too did the district court's prior orders fail entirely to address Mr. Worthing's claims of Rule 11 and separation of powers violations; the district court improperly construed these motions to dismiss the information as "requests for reconsideration" of the order denying Mr. Worthing's motion to withdraw his plea. Doc. no. 111. It thus declined to address the merits of Mr. Worthing's claims, which were plainly based in the district court's improper participation in plea negotiations, and had not been earlier presented in support of withdrawal (nor were they raised in support of withdrawal). It offered only a conclusory statement denying the motions, precisely the sort of order that *Wheeler* describes as insufficient for bail review.

Likewise, the district court's prior orders never addressed Mr. Worthing's arguments regarding his entitlement to production of his own client file; the court's

15

order instead ignored the merits of this contention and claimed no legal mechanism for the request had been suggested.[5] This order again serves merely as a conclusory statement denying Mr. Worthing's claim, and does not satisfy *Wheeler*.

The district court plainly failed to comply with its statutory obligations under *Wheeler*. Remand is necessary for the limited purpose of enabling the district court to state the reasons for its order. Unless and until those reasons are provided, this Court is without a reasoned order to review and Mr. Worthing is without a reasoned order to which he can respond.

## V.

## THE COURT HAS DISCRETION TO ORDER MR. WORTHING'S RELEASE PENDING HIS APPEAL.

Following a defendant's conviction, Fed. R. App. P. 9(b) provides a mechanism whereby he may move the Court of Appeals for his release pending an appeal. 18 U.S.C. §3143(b)(1) permits a Court to order that a defendant sentenced to imprisonment not be detained and instead released on personal recognizance or an unsecured appearance bond if the court finds (1) "that the person is not likely to

---

[5] The court's order ignored the fact that federal courts possess an inherent power to control and direct the conduct of litigants before it (*See* Daniel J. Meador, *Inherent Judicial Authority in the Conduct of Civil Litigation*, 73 TEX. L. REV. 1805, 1805 (1995)), and have exercised this power in the past to implement discovery procedures where unique circumstances unaddressed by the legislature called for them (*See Harris v. Nelson*, 394 U.S. 286, 290 (1969)). Federal courts also possess an explicit statutory authority to compel compliance with lawfully issued subpoenas. Fed R. Crim. P. 45.

flee or pose a danger" to other persons or the community; and (2) that the appeal "raises a substantial question of law or fact likely to result in reversal."

The requirement that the appeal "raise[] a substantial question of law or fact" does not require the Court to "predict the probability of reversal." *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985) (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Instead, the Ninth Circuit has described such a "substantial question" as one that is "fairly debatable." *United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985). "A 'substantial question' is one of more substance than would be necessary to a finding that it is not frivolous." *Id.* at 1283. However, the question need not be "close," nor must the defendant show that he "will probably prevail on appeal." *Id.* at 1280.

Ordinarily, an application for bail on appeal shall, in the first instance, be made in the district court. Fed. R. App. Proc. 9(b). Following such a denial, the defendant may move the Court of Appeals for like relief pursuant to Fed. R. App. P. 9(b). *United States v. Zherebchevsky*, 849 F2d 1256 (9th Cir. 1988). The Court of Appeals assesses a defendant's motion for bail pending appeal "independently" of the district court's determinations. *United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990); *United States v. Provenzano*, 605 F.2d 85 (3rd Cir.1979). The district court's legal conclusions, if any, are reviewed de novo. *United States v.*

*Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003); *United States v. Handy*, 761 F.2d 1279, 1281-84 (9th Cir. 1985).

Because Mr. Worthing is currently out of custody, he remains so until this Court rules on the present motion. Circuit Rule 9-1.2(e).

## VI.

## MR. WORTHING IS NOT EVEN REMOTELY LIKELY TO FLEE OR POSE A DANGER TO ANY OTHER PERSON, AND DOES NOT PRESENTLY MOVE FOR BAIL FOR PURPOSES OF DELAY.

There is virtually no chance that Matthew Worthing will "flee or pose a danger to the safety of any other person or the community" as described in 18 U.S.C. §3143(b)(1)(A). Because this fact is uncontested and for the sake of brevity, Mr. Worthing incorporates by reference his arguments related thereto put forth in his motion for bail pending appeal below. *See* doc. no. 151. Unsurprisingly, the district court's order denying Mr. Worthing bail does not cite any risk of flight or danger, but merely states that his "appeal does not raise a substantial question of law or fact." Doc. no. 155. [6]

---

[6] The district court repeatedly noted that in oral statements that Mr. Worthing, like the related defendants, poses no risk of re-offense. *See* 5/25/18 TX, 13:3-7 (doc. no. 133) ["I think your client, everybody else comes before me . . . . they would say, obviously, they would never do this again. . . . they wouldn't do it. Absolutely right."]; 3:14-cr-00534-CRB-5, 5/25/18 TX, 2:16-20; 7:1-3 (doc. no. 412) ["I don't believe for a second you or any of the other people who I've already sentenced or are about to be sentenced will commit another criminal offense"].

Likewise, the district court's order denying bail includes no determination that Mr. Worthing has filed his motion for purposes of delay. Indeed, it cannot make any such determination, as after years of prosecution in which Mr. Worthing repeatedly raised the claims he now pursues on appeal, Mr. Worthing is clearly moving for bail only so that his 30-day sentence will not be served while that appeal is pending. Delaying a short sentence for a few months after all of the litigation below is not a reasonable strategy, and it is certainly not Mr. Worthing's. Rather, Mr. Worthing is pursuing what he contends are meritorious claims (including one the district court has even acknowledged "may have merit") so that they can be addressed by this Court on review.

Consequently, Mr. Worthing's present motion for bail pending appeal tasks this Court not with determining whether he poses a flight risk or whether he is attempting delay, but whether his appeal will raise a "substantial question of law or fact" under 18 U.S.C. §3143(b)(1)(B).

## VII.

## MR. WORTHING'S APPEAL WILL RAISE SUBSTANTIAL QUESTIONS OF LAW AND FACT.

In his prior litigation before the district court, Mr. Worthing raised a number of significant and novel claims and objections, presenting issues and arguments that require thoughtful consideration and are certainly not contrary to clearly controlling precedent. Because many of these claims were well developed before

the court below and because the district court has not provided a reasoned denial of Mr. Worthing's bail motion to which Mr. Worthing may respond, and out of respect for this Court's page length limitations, Mr. Worthing does not repeat his arguments at length here; instead he incorporates by reference the arguments contained within his filings below.[7] The specific issues which form the basis for Mr. Worthing's appeal are listed earlier in this motion. Once the district court offers a reasoned refutation of the claims, Mr. Worthing can respond accordingly.

## VIII.

## <u>CONCLUSION</u>

Mr. Worthing respectfully requests the Court grant him bail pending his appeal of his conviction and sentence pursuant to 18 U.S.C. § 3143.

Respectfully submitted,

Dated: September 6, 2018    By:  <u>/s/David J. Cohen</u>
                                DAVID J. COHEN, ESQ.

                                Attorneys for Defendant-Appellant
                                **Matthew Worthing**

---

[7] *See* Mr. Worthing's motion to withdraw his plea (doc. no. 61), motion to compel discovery (doc. no. 74), reply to response to motion compel discovery (doc. no. 77), reply to response to motion to withdraw plea (doc. no. 92), motion to compel sentencing discovery (doc. no. 97), motion to compel disclosure of client file (doc. no. 107), motion to compel production of probation materials (doc. no. 108), motion to dismiss for Rule 11 violation (doc. no. 109), motion to dismiss for judicial interference in prosecution (doc. no. 110), sentencing memorandum (doc. no. 114), reply to response to motion to compel disclosure of client file (doc. no. 117), response to sentencing memorandum (doc. no. 118), and supplemental sentencing memorandum (doc. no. 128).

# UNITED STATE COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>MATTHEW WORTHING,<br><br>    Defendant-Appellant. | C.A. No. 18-10226<br><br>D.C. No. 3:12-cr-00300-CRB-1<br>(District Court for Northern District<br>of California) |

## BRIEF FORMAT CERTIFICATION PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 32(g)(1)

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) and the length limit of Circuit Rule 27-1(1)(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,048 words and does not exceed 20 pages in length.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2007 in Times New Roman size 14 font.

Respectfully submitted,

Dated: September 6, 2018              By:   /s/David J. Cohen

DAVID J. COHEN, ESQ.

Attorneys for Defendant-Appellant
**Matthew Worthing**

UNITED STATE COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

MATTHEW WORTHING,

       Defendant-Appellant.

C.A. No. 18-10226

D.C. No. 3:12-cr-00300-CRB-1
(District Court for Northern District
of California)

## REPORTER CERTIFICATION PURSUANT TO CIRCUIT RULE 9-1.2(b)

Pursuant to Circuit Rule 9-1.2(b), I certify that the entire transcript on appeal has been ordered, designated, and produced. No portion of any transcript is outstanding.

Respectfully submitted,

Dated: September 6, 2018    By:  /s/David J. Cohen
                           DAVID J. COHEN, ESQ.

                           Attorneys for Defendant-Appellant
                           **Matthew Worthing**