IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WORTHING,<br><br>    Defendant. | Case No. 12-cr-00300-CRB-1<br><br>**ORDER REQUESTING BRIEFING ON JURISDICTION OVER STAY OF SURRENDER DATE** |

Defendant Matthew Worthing was sentenced on May 25, 2018. Dkt. 130. He was ordered to self-surrender to the Bureau of Prisons on or before September 17, 2018. Dkt. 130. On July 18, 2018, he filed a motion for bail pending appeal and a stay of sentence. Dkt. 151. This Court denied that motion the next day, July 19, 2018. Dkt. 152. He then filed a motion in the Ninth Circuit seeking bail pending appeal on September 6, 2018. See Dkt. 158. Most recently, on September 12, 2018, Worthing filed the motion at issue, an Application Pursuant to Circuit Rule 9-1.2(e) to Stay Surrender Date. Dkt. 158. Worthing argues that, pursuant to the Ninth Circuit's Federal Rules of Appellate Procedure, which states that "[i]f the appellant is on bail at the time the motion is filed in this Court, that bail will remain in effect until the Court rules on the motion," 9th Cir. Fed. R. App. P. 9-1.2(e), his surrender date should be stayed pending his appeal. Dkt. 158.

However, Worthing does not explain how, given that he has already appealed this case to the Ninth Circuit, see App. Dkt. 158, this Court has jurisdiction to consider his request for a stay. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (holding that the party asserting jurisdiction bears burden of establishing that jurisdiction). Nor has the Ninth Circuit issued a limited remand to this Court on the issue of bail, as it has done in similar situations. See

United States v. Kakkar, 2017 WL 4163291, at *1 (N.D. Cal. Sept. 20, 2017) ("The instant criminal action has been remanded to this court by the Ninth Circuit Court of Appeals for the limited purpose of ruling on Defendant['s] . . . motion for bail pending appeal.").

In light of this lack of explanation as to whether this Court has jurisdiction over the present motion, this Court now requests additional briefing from both parties on whether it has jurisdiction to issue the relief that Worthing requests. Such briefing should be filed no later than 5:00 pm on Sunday, September 16, 2018.

**IT IS SO ORDERED.**

Dated:

CHARLES R. BREYER
United States District Judge