```
ANDREW MAST (CSBN 284070)
GABRIEL MARTINEZ (CSBN 275142)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Andrew.Mast@usdoj.gov
Telephone: (415) 934-5300
```

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW WORTHING,<br><br>Defendant. | CASE NO. CR 12-00300 CRB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO STAY SURRENDER DATE** |

On September 12, 2018, Defendant Matthew Worthing filed a motion to stay this Court's judgment requiring him to surrender to the custody of the Bureau of Prisons on or before September 17, 2018. Dkt. #158. Worthing has appealed this Court's denial of his motion for bail pending appeal, and the Ninth Circuit appellate rules provide that an appellant who is on bail at the time of an appeal will remain on bail pending a ruling on the appeal. Ninth Cir. Fed. R. App. P. 9-1.1(e). On September 13, 2018, this Court requested additional briefing from the parties regarding whether it has jurisdiction to issue an order on Worthing's motion. Dkt. 159.

After receiving the Court's Order for briefing, Worthing filed an emergency motion to stay his surrender date in the Ninth Circuit.  The government indicated to Worthing that is does not oppose that motion.  On September 14, 2018, the Ninth Circuit motions department contacted the government and requested that the government inform the United States Marshals Service that the government does not oppose Worthing's emergency motion to stay his surrender date.  Accordingly, the government contacted the Marshals and informed them of the government's non-opposition based on Ninth Circuit Fed. Rule App. P. 9-1.1(e).

Because Worthing has filed an emergency motion in the Ninth Circuit, the Court can dismiss Worthing's motion before this Court as moot.  The government has not found authority addressing the jurisdictional issue the Court raised, and notes that at least one other district court raised the same issue.  *See United States. v. Brattin*, 2015 WL 4716234 (D. Nev. Aug. 7, 2015).  Nonetheless, the government finds *United States v. Fuentes*, 946 F.2d 621 (1991), instructive.  In *Fuentes*, the defendant filed an emergency motion for bail pending appeal and a request for a stay of his surrender pending a decision on his motion for bail pending appeal with the Ninth Circuit. *Id.* at 622.  The Ninth Circuit held that Rule 9-1.2(d) (now Rule 9-1.2(e)) "is automatic" and provides a defendant who is still released with "an automatic stay of surrender upon the filing *in this court* of a motion for bail pending appeal." *Id.* (emphasis added).  The Ninth Circuit then granted the motion for bail pending appeal. *Id.*

Notwithstanding the jurisdictional question, the government does not oppose the relief the defendant requests as provided by Ninth Circuit Appellate Rule 9-1.2(e).  The timing of Worthing's filings, however, demonstrate that "the automatic stay provision of Rule 9-1.2(d) is subject to abuse." *United States. v. Cordero*, 992 F.2d 985, 986 (1993).  Had Worthing promptly filed a motion for bail pending appeal, and then promptly appealed the Court's Order denying bail, it is unlikely he would need to seek a stay of his surrender date because the Ninth Circuit would have had sufficient time to adjudicate his appeal of the Order denying bail.

Worthing did not file his motion for bail pending appeal until July 18, 2018, more than seven weeks after he was sentenced.  Dkt. 151.  Additionally, after the Court promptly denied his bail motion and subsequently clarified its Order, Worthing waited until September 6

1  (another six weeks) to appeal the Court's Order denying bail. Dkts. 152, 155, and 157. And now on September 12, 2018—just five days before his surrender date—Worthing has filed his motion to stay his surrender date pending his appeal of the Court's denial of his bail motion. Dkt. 158.

By filing his appeal of the bail order just eleven days before his surrender date, Worthing ensured that the Ninth Circuit cannot rule on his appeal before his surrender date. *See* Ninth Circuit Appellate Rule 9-1.1(c) (providing ten days for an opposition brief, equating to a government filing date of September 17, 2018). And, by waiting until September 12, 2018 to file his motion to stay his surrender date, Worthing has failed to comply with Criminal Local Rule 47-2(a), which requires that all motions in criminal matters be filed and noticed for hearing not less than fourteen days after service of the motion. Crim. L.R. 47-2(a). Here, a noticed hearing date would extend past Worthing's September 17 surrender date. Worthing could have requested an expedited hearing, but he has shown no just cause for his delay. This local rule should be familiar to Worthing, as the Court quoted its text to defendant—underlined and in bold—in denying a prior late motion. Dkt # 95 at 2.

Consistent with Ninth Cir. Fed. R. App. P. 9-1.1(e), the government does not oppose the relief Worthing seeks, and because he has filed an emergency motion with the Ninth Circuit, his motion before this Court may be dismissed as moot. The government respectfully requests, however, that if the Court does issue an Order staying his surrender date, that the Order specify that Worthing must surrender within seven days of an Order from the Ninth Circuit denying bail pending appeal.

Dated: September 14, 2018

Respectfully submitted,

    /s/
ANDREW MAST
Trial Attorney
U.S. Dept. of Justice - Antitrust Division